No. 87-441

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

KIRK HAMMERQUIST, d/b/a KIRK
HAMMERQUIST CONTRUCTION,

       Plaintiff and Appellant,

  -vs-

EMPLOYMENT SECURITY DIVISION OF
THE MONTANA DEPARTMENT OF LABOR AND
INDUSTRY,

      Defendant and Respondent.

_____

APPEAL FROM: District Court of the Eleventh Judicial District,
            In and for the County of Flathead,
            The Honorable Leif Erickson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Richard DeJana, Kalispell, Montana

    For Respondent:

        David Scott, Dept of Labor & Industry, Helena, Montana

_____

Submitted on Briefs: Jan. 7, 1988

Decided: February 11, 1988

Filed: **FEB 1 1 1988**

_____
                 Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The Montana Unemployment Insurance Division ruled that Kirk Hammerquist must pay unemployment insurance taxes on certain earnings of Charles Hornbacher, whom Mr. Hammerquist argued was his partner or a joint venturer, not an employee. The District Court for the Eleventh Judicial District, Flathead County, affirmed the administrative ruling. Mr. Hammerquist appeals. We affirm.

We restate the issue as whether the District Court and the hearing officer incorrectly applied the law in determining whether the parties were in a joint venture or partnership.

Mr. Hammerquist is a building contractor in the Flathead Valley. During 1984, he was low bidder on a contract for building a home and on two smaller projects. Charles Hornbacher performed construction work on all three projects. For his work on the home, Mr. Hornbacher was paid $500 per week out of Mr. Hammerquist's checking account. Mr. Hornbacher also bid and completed other jobs by himself during this time. Both Mr. Hornbacher and Mr. Hammerquist have testified that they were partners in the jobs on which they worked together.

The Montana Unemployment Insurance Division determined in July 1986 that work performed by Mr. Hornbacher on the Hammerquist projects during 1984 was employment for unemployment insurance tax purposes. Mr. Hammerquist appealed that determination and a hearing was held before a hearing officer. The hearing officer also concluded that the work performed by Mr. Hornbacher for Mr. Hammerquist was employment. That decision was appealed to the Board of Labor Appeals, which also sustained the decision. Mr. Hammerquist then petitioned for judicial review, and the District Court

2

affirmed the agency decision, concluding that "substantial evidence exists in the administrative record to support the decision made by the appeals referee."

Did the District Court and the hearing officer incorrectly apply the law in determining whether the parties were in a joint venture or partnership?

Our standard of review of agency findings of fact is discussed at some length in City of Billings v. Billings Firefighters (1982), 200 Mont. 421, 430-31, 651 P.2d 627, 632. Section 2-4-704(2)(e), MCA, allows findings of fact to be overturned when they are clearly erroneous in view of the reliable, probative, and substantial evidence in the whole record. In City of Billings we concluded that if there is substantial credible evidence in the record to support the findings of fact, then the findings are not "clearly erroneous" and the findings will be affirmed. We also pointed out that conclusions of law are subject to an "abuse of discretion" review because of the Court's expertise in interpreting and applying the law.

Montana's Unemployment Insurance Law, Title 39, Chapter 51, MCA, requires that employers make contributions to the Department of Labor and Industry with respect to wages paid for employment. Section 39-51-1103, MCA. Mr. Hammerquist does not dispute that he is an employer. The hearing officer's findings and conclusions first set forth the definition of wages in § 39-51-201(18)(a), MCA: "all remuneration payable for personal services. . .." The hearing officer then discussed the issues of whether the $500 Mr. Hornbacher received each week was "wages" and whether Mr. Hornbacher was a partner of Mr. Hammerquist:

3

> The income received by Mr. Hornbacher falls within the term "wages" as defined above. The $500.00 per week "draw" was remuneration for personal services in construction of the buildings completed. While the employer prefers to designate the wages as profits, the record will not support such a finding. Therefore, no inference of a partnership is drawn and the existence of a partnership must be established from some other area.
>
> The employer defines the relationship between him and Mr. Hornbacher as a "partnership". No partnership agreement was ever executed. A partnership name does not appear on any document. Checks were issued but only to the employer, and neither filed income tax as a partnership. Additionally, no accounts or correspondence identified them as partners. Quite to the contrary, the home owner individually hired Mr. Hammerquist. "I hired Kirk Hammerquist. . . and knew Mr. Hornbacher worked with him in partnership." This appears to be a broad application of the word partnership by the owner. Based on the record presented which shows all the materials, correspondence, and payments made individually to Mr. Hornbacher[sic], and the absence of any documentation showing the existence of a partnership, the hearing officer is unable to make a finding that a partnership existed as that term is defined in Montana law.

The hearing officer then went on to analyze the "ABC test" used under § 39-51-203(4), MCA, to distinguish employment from work by an independent contractor.

Mr. Hammerquist argues that the hearing officer improperly used the "ABC test" to determine that Mr. Hornbacher was his employee. Mr. Hammerquist asserts that this test is only proper when the question is whether the person is an independent contractor or an employee, not when the question is whether the person is a joint venturer. However, the hearing officer set forth the above discussion before he applied the "ABC test". The above discussion represents the consideration of the partnership or joint venture argument. The discussion is phrased in terms of partnership instead of

4

joint venture, as was the testimony of the witnesses at the hearing. <u>After</u> reaching a conclusion that he was unable to make a finding that a partnership existed, the hearing officer discussed the "ABC test". We conclude that the hearing officer did not use the "ABC test" to determine whether there was a partnership or joint venture, and we hold that the legal standard employed by the hearing officer was proper.

Mr. Hammerquist also argues that there is no evidence contradicting the existence of a joint venture, and that the decision of the hearing officer should therefore be reversed. One of the elements necessary to show joint venture is an equal right to a voice in the direction of the enterprise, giving an equal right of control. Sumner v. Amacher (1968), 150 Mont. 544, 554, 437 P.2d 630, 635. The facts that the contract was signed only by Mr. Hammerquist and payments were made only to him do not indicate equal control of the venture. Mr. Hammerquist and Mr. Hornbacher had no partnership or joint venture accounts, did not file income tax as a partnership, and did not sign any contract or papers as a partnership or joint venture. Any materials purchased for the jobs were purchased through Mr. Hammerquist's personal accounts with the suppliers. We conclude that Mr. Hammerquist failed to prove the existence of a joint venture. We hold that substantial evidence supports the hearing officer's finding and conclusion that no partnership or joint venture was shown.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

John Conway Harrison

John C. Sheehy

William E. Hunt Sr.
Justices