No. 88-531

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

TRI-COUNTY ATLAS, INC.,

          Plaintiff and Respondent,

   -vs-

JAMES BRUMMER, d/b/a BRUMMER ENTERPRISES,

          Defendant and Appellant.

_____

APPEAL FROM:  District Court of the First Judicial District,
              In and for the County of Lewis & Clark,
              The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Charles E. Petaja, Helena, Montana
        Thomas H. Clary; Clary & Clary, Great Falls, Montana

    For Respondent:

        P. Keith Keller; Keller, Reynolds, Drake, Sternhagen
        & Johnson, Helena, Montana

_____

Submitted on Briefs:  June 1, 1989

Decided:  August 3, 1989

Filed:

_____
                        Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal arises from an action to foreclose a mechanics' lien filed by Tri-County Atlas, Inc. for work and materials supplied to a construction project owned by James Brummer. The District Court for the First Judicial District, Lewis and Clark County, entered judgment in favor of Tri-County. We affirm and remand for correction of costs.

James Brummer is a general contractor who conceived and developed the construction of a professional office building located in Helena, Montana. Brummer, through his corporation, Brummer Enterprises, Inc., designed and constructed the building, and utilized subcontractors for electrical, plumbing, heating, air conditioning and other aspects of the construction. Tri-County was hired by Brummer to install the heating, ventilation, and air conditioning (HVAC) system, and the domestic plumbing in the building. The parties had no written contract but merely discussed their agreements orally.

Tri-County began work on the building in early February of 1987, and continued installation of both the HVAC system and the domestic plumbing until August, when it walked off the job because of nonpayment. In September, Tri-County filed its lien and brought this action to foreclose. Brummer counterclaimed for alleged defects in Tri-County's workmanship.

The District Court entered judgment for Tri-County, and awarded damages, attorney's fees and costs. Brummer raises the following issues for our review:

1. Was the District Court's award of damages to Tri-County supported by substantial evidence?

2. Was it error for the District Court to award attorney's fees and costs?

The standard of review is clear. We must affirm the trial court if its findings are supported by substantial evidence and are not clearly erroneous. We will not substitute our judgment for that of the District Court. Hammerquist v. Employment Sec. Div. of Montana Dept. of Labor and Industry (Mont. 1988), 749 P.2d 535, 536, 45 St.Rep. 261, 262; Meridian Minerals Co. v. Nicor Minerals, Inc. (Mont. 1987), 742 P.2d 456, 461, 44 St.Rep. 1516, 1523.

At trial, Tri-County alleged it was hired on a not-to-exceed basis, plus specific amounts to be paid for additional constant air volume (CAV) and variable air volume (VAV) units. Brummer claimed Tri-County had given a flat bid of $112,000 for the entire HVAC system. The evidence was clear, however, that no final plans were submitted to Tri-County on which it could make a firm flat bid because the plans were evolving as the project developed. Additionally, there was evidence that other subcontractors were hired by Brummer on similar time-and-materials, or price-not-to-exceed bases.

Although Brummer's counterclaim alleged the work performed by Tri-County was not done in a workmanlike manner, no evidence was produced at trial that Tri-County's workmanship was deficient. Tri-County admitted some work was not completed, because it pulled off the job. Tri-County also admitted there were some product defects which would have been covered by the manufacturer's warranty, had Brummer not failed to pay. However, there was no evidence the workmanship was poor. Tri-County's witnesses and even one of Brummer's witnesses testified that Tri-County's workmanship was very good.

The evidence was extensive and complicated. During the four day trial, the District Court heard testimony from eleven witnesses, examined all of the exhibits and determined that Tri-County was entitled to judgment. In its Opinion,

3

Memorandum of Decision, and Order, the District Court made
the following conclusions:

> The evidence of each party was
> diametrically opposed to the evidence of
> the opposing party. The matter resolved
> itself into a question of which party
> presented the most credible evidence. If
> the version of the Plaintiff is accepted,
> the version of the Defendant must be
> rejected, and vice versa. As the trial
> progressed, it became very clear to the
> Court that Plaintiff presented the most
> credible witnesses and evidence.
> Defendant, on the other hand, lacked
> credibility to a pronounced degree. His
> version of the events is wholly rejected
> by the Court.

We find no abuse of discretion. The findings were
supported by substantial evidence in the record. The
judgment of the District Court is affirmed.

Brummer's final issue alleges the District Court erred
in its award of attorney's fees and costs to Tri-County. The
first basis of the alleged error, which Tri-County admits,
involves the inclusion of expert witness fees and deposition
costs within the award of attorney's fees and costs. Section
26-2-505, MCA. We remand this matter to the District Court
to deduct these costs from the award.

The second basis of alleged error involved settlement
negotiations between the parties. Brummer apparently offered
to pay Tri-County the amount of its lien as settlement of
Tri-County's claims. Tri-County refused because it had
already invested substantial amounts of money in attorney's
fees in its attempt to recover. The District Court refused
to hear the evidence because it involved settlement
negotiations.

Brummer cites Schillinger v. Brewer (1985), 215 Mont.
333, 697 P.2d 919, to support his claim that because
Tri-County refused to accept his settlement offer, it is not

4

entitled to attorney's fees. However, the facts of _Schillinger_ differ from those of this case, and do not support Brummer's theory. In _Schillinger_, the District Court awarded the defendant attorney's fees when judgment was entered for an amount less than that offered in settlement by the defendant. We reversed the award of attorney's fees because the defendant was only entitled to costs, not attorney's fees. If _Schillinger_ has any application to this case, it supports Tri-County's claim for attorney's fees. Donnes v. Orlando (1986), 221 Mont. 356, 720 P.2d 233. Tri-County prevailed in its action and was therefore entitled to recover attorney's fees and costs.

Affirmed and remanded for reduction of costs awarded to Tri-County in accordance with this opinion.

_John Conway Harrison_
Justice

We concur:

_R. C. McDonough_

_John C. Sheehy_

_William E. Hunt_

_L. C. Gulbrandson_
Justices