No. 89-446

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

ERNEST ROEBER and THE STATE
INSTITUTIONAL EMPLOYEES FOR
EQUAL HOURS,

        Plaintiffs and Respondents,

    -vs-

STATE OF MONTANA, DEPARTMENT OF
INSTITUTIONS AND THE MONTANA
DEVELOPMENTAL CENTER,

        Defendants and Appellants.


APPEAL FROM:    District Court of the Fifth Judicial District,
                In and for the County of Jefferson,
                The Honorable Frank Davis, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Nick A. Rotering, Esq., Department of Institutions,
            Helena, Montana

        For Respondent:

            Leonard J. Haxby, Esq., Butte, Montana


                            Submitted on Briefs:  March 29, 1990

                                    Decided:  July 12, 1990

Filed:

                            _____
                                        Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

The State of Montana, Department of Institutions and Montana Developmental Center appeal from the judgment of the District Court for the Fifth Judicial District, Jefferson County, granting respondents' petition for declaratory judgment. We reverse and remand.

Respondents are employees of the Montana Developmental Center in Boulder. The Developmental Center is operated by the Department of Institutions. There are both union and non-union employees at the Developmental Center. Union employees are subject to a collective bargaining agreement from which respondents, as non-union employees, are exempt. Respondents were hired from within the Center, by bid, and from outside the Center, by application. Each of the respondents received a personnel manual and other literature describing the general terms of employment.

Prior to June, 1987, all Center personnel who worked an eight hour shift were paid for their half-hour lunch break. In June, management notified both union and non-union employees they would be required to work an eight hour day with an unpaid half-hour lunch break effective June 8, 1987. The grievance filed by the union employees was successful and management restored their paid half-hour lunch break in accordance with the collective bargaining agreement.

Respondents filed a non-union grievance asserting management wrongfully terminated their paid half-hour lunch breaks and increased their working hours. Management denied this grievance.

2

A three member grievance committee held:

> It would seem that additional information, policies and regulations which may have significant bearing on this matter were not made available to the committee.
>
> It cannot be determined whether there is or is not, in fact, a contractural [sic] relationship as a result of said document; i.e., job announcement. . .

The committee referred the grievance to the Director of Institutions. The Director found as follows:

> It is the decision of the Director to accept the holdings of the committee which indicated that the grievants failed to sustain the burden of proof and essentially affirms management's position.
>
> The Director accepts and upholds the decision of the committee which essentially supports management's position in this grievance.

Respondents then filed a petition for judicial review asserting their right to retroactive pay and reinstatement of the paid half-hour lunch break. Before the District Court ruled on the matter, respondents filed a motion for declaratory judgment seeking relief identical to that prayed for in the petition for judicial review. The parties then stipulated to allow respondents to file an amended petition. Respondents filed an amended petition for judicial review and motion for declaratory judgment. Contained within count I were the claims originally asserted in their petition for judicial review and within count II those set forth in the original motion for declaratory judgment. The District Court, on stipulation of counsel, converted the hearing on respondents' amended petition to a pretrial hearing on the matter. In its findings of fact and conclusions of law filed following oral argument, the District Court found that:

3

> By oral stipulation of counsel, the petition for judicial review was converted to a declaratory judgment action pursuant to § 27-8-101, MCA, et seq.
>
> . . .
>
> [I]t [had] jurisdiction to determine the legal rights of the parties under the broad provisions of the Uniform Declaratory Judgments Act embraced by the cited statutes, and that counsel for both parties agree[d] that the judicial review of the administrative decision [was] moot.

There is no record of an oral stipulation between the parties aside from the District Court's finding.

The lower court ordered appellants to reinstate the paid lunch half-hour and to reimburse respondents for their unpaid lunch breaks since June of 1987. Appellants argue the District Court substituted its judgment for that of the administrative decision maker by inferring facts not clearly in the record. We note the paucity of findings upon which the District Court could rely on review. Lower courts may remand petitions for judicial review for further proceedings pursuant to § 2-4-704, MCA.

The dispositive issue on appeal concerns the standard of review applied by the District Court in reversing the decision of the Director of Institutions. The lower court's findings of fact, as set forth above, conform to the spirit of the Uniform Declaratory Judgments Act codified at § 27-8-101 et seq., MCA. Section 27-8-102, MCA, makes evident the purpose and nature of the Act:

> This chapter is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and

4

it is to be liberally construed and administered.

District courts have significantly less latitude upon judicial review of administrative decisions in contested cases pursuant to the Montana Administrative Procedure Act (MAPA), Title 2, Section 4, MCA. Section 2-4-704, MCA, provides:

> The review shall be conducted by the court without a jury and shall be confined to the record.
>
> . . .
>
> The court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because:
>
> (a) the administrative findings, inferences, conclusions, or decisions are:
>
> (i) in violation of constitutional or statutory provisions;
>
> (ii) in excess of the statutory authority of the agency;
>
> (iii) made upon unlawful procedure;
>
> (iv) affected by other error of law;
>
> (v) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;
>
> (vi) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
>
> (b) findings of fact, upon issues essential to the decision, were not made although requested.

Appellants contend the judicial review of the administrative

5

decision was not moot and therefore review of that decision pursuant to MAPA was proper. District courts may not overturn agency decisions unless substantial, credible evidence supporting a finding of fact is lacking. Hammerquist v. Employment Sec. Div. of the Montana Dep't. of Labor and Indus. (1988), 230 Mont. 347, 349, 749 P.2d 535, 536. District courts have greater discretion in reviewing conclusions of law because of an enhanced ability to interpret and apply the law to the facts. City of Billings v. Billings Firefighters Local No. 521 (1982), 200 Mont. 421, 430, 651 P.2d 627, 632. Administrative conclusions of law must be upheld by district courts unless they constitute an abuse of discretion. City of Billings, 651 P.2d at 632.

Clearly, the District Court in the instant case possessed broader remedial powers by proceeding under the Uniform Declaratory Judgments Act than had it subjected the agency decision to judicial review pursuant to MAPA.

We hold the District Court improperly proceeded under the Uniform Declaratory Judgments Act in this case.

> The purpose of declaratory relief is to liquidate uncertainties and controversies which might result in future litigation and to adjudicate rights of parties who have not otherwise been given an opportunity to have those rights determined. However, it is not the true purpose of the declaratory judgment to provide a substitute for other regular actions.
>
> Other jurisdictions have denied the remedy of declaratory judgment where appeal by statute or otherwise from the actions of administrative bodies exists. (Citations omitted.)

Matter of Dewar (1976), 169 Mont. 437, 444, 548 P.2d 149, 153-54.

6

Pursuant to § 2-4-506, MCA, plaintiffs may bring a declaratory action to challenge the validity of a rule. However, § 2-4-102(10), MCA, sets forth the rules subject to that section:

> "Rule" means each agency regulation, standard, or statement of general applicability that implements, interprets, or prescribes law or policy or describes the organization, procedures, or practice requirements of an agency. The term includes the amendment or repeal of a prior rule but does not include:
>
> (a) statements concerning only the internal management of an agency and not affecting private rights or procedures available to the public;
>
> . . .
>
> (e) rules implementing the state personnel classification plan, the state wage and salary plan, or the statewide budgeting and accounting system;
>
> . . .

The internal personnel policy at issue in the instant case is conspicuously and specifically excluded from the purview of this section. In this case, where respondents had a remedy of appeal from the administrative decision, declaratory relief was improperly granted. We reverse and remand for judicial review pursuant to MAPA.

The effect of the District Court's ruling would be to encumber the Department of Institutions and the Montana Developmental Center, with a sempiternal [adj.: everlasting; perpetual; eternal, Webster's New World Dictionary 1295 (2nd College ed. 1986)] personnel policy unique to this facility. We note the policy change brought the affected employees into conformance with the

7

State classification plan codified at §§ 2-18-201, et seq., MCA. Although the union employees are now paid for their lunch breaks that policy is subject to change during the periodic renegotiation of their collective bargaining agreement. We will not affirm a holding which has the effect of prohibiting _any_ change in this policy.

Reversed and remanded.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

8

Justice John C. Sheehy, dissenting:

The approach of the majority in this case to the Montana Administrative Procedure Act (MAPA) is purblind in every sense of the word [purblind:  partly blind; lacking in vision, insight or understanding.  Webster's New Collegiate Dictionary (1981)].

The majority see well enough to find a single remedy by appeal from an administrative decision under § 2-4-704, MCA.  They fail to see that an equally valid remedy is provided in MAPA for declaratory judgments under § 2-4-506, MCA.

That section provides:

> 2-4-506.    <u>Declaratory judgments on validity or application of rules</u>.    (1)    A rule may be declared invalid or inapplicable in an action for declaratory judgment if it is found that the rule or its threatened application interferes with or impairs or threatens to interfere with or <u>impair the legal rights or privileges of the plaintiff</u>.
>
> (2)    A rule may also be declared invalid in such action on the grounds that the rule was adopted with an arbitrary or capricious disregard for the purpose of the authorizing statute as evidenced by documented legislative intent.
>
> (3)    A declaratory judgment may be rendered <u>whether or not the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question</u> . . .  (Emphasis supplied.)

Thus, under MAPA, a district court has not only review authority but is given declaratory authority to determine a legal question as to the validity or applicability of the rules of state government agencies.  The district court has the power to declare the rule invalid, or that its application, as in this case, is invalid.

9

There are really no fact issues in this case. There is not any dispute from the State or its agency managers that, prior to June 1, 1987, the non-union employees here worked an 8-hour shift which included a half-hour lunch period. On or about June 8, 1987, the State by letter unilaterally directed that these non-union employees would lose the paid lunch period and that an additional half-hour work period would be added to their schedules.

The only issues that remain are legal issues, since the facts are not in dispute. The employees maintain that they have an implied contract for the paid lunch period. The position of the State from the record and from its brief is that § 39-4-107, MCA, and the policies of the State contained in its management memos and employee handbook are the rules which govern the issue. It was most appropriate for the District Court to regard the matter as one for declaratory judgment and to act under the jurisdiction specifically given to it by MAPA under § 2-4-506, MCA, above.

Not only did the District Court properly proceed to consider the legal issue here under its power of declaratory judgment provided in the Act, but the State recognized this power, and stipulated in writing for the court's consideration of the legal issue under its declaratory jurisdiction:

> Come now the parties hereto and hereby stipulate and agree that the petitioners [employees] shall be allowed to file an amended petition in order to incorporate petition for further relief and authorizing the court to issue an order allowing the filing of said amended petition.

10

Let us review the procedure that occurred in this case. On September 16, 1987, Ernest F. Roeber filed a grievance on behalf of himself and all similarly situated non-union employees of the Montana Development Center at Boulder. His grievance was that he and his fellow non-union employees had an express or implied contract with the State under which the work-day comprised an eight-hour shift which included a paid half-hour lunch period. Under the grievance procedures established by the Department, a three-member committee was convened which heard the grievance. After hearing, the grievance committee rendered the following decision:

> Held: It would seem that additional information, policies and regulations which may have significant bearing on this matter were not made available to the committee.

> Held: It cannot be determined whether there is or is not, in fact, a contractual relationship as a result of said document; i.e., job announcement, (see exhibit 6a, 6b and 6c).

> Recommendation: In the future, non-union job vacancy announcements should contain a statement which clearly indicates that the terms and conditions of hiring and employment are governed by volume III of the Montana Operations Manual.

Thereafter, on January 26, 1988, the director of the Department of Institutions entered a written decision, in part:

> It is the decision of the Director to accept the holdings of the committee which indicated that the grievants failed to sustain the burden of proof and essentially affirms management's position.

11

Considering the recommendation made by the committee, it is well taken, but must be taken under advisement. To require stipulation of this nature would put a higher degree of responsibility on non-union job positions at the Montana Developmental Center then presently is required in job posting relative to other agencies in state government and the Department of Institutions.

CONCLUSION: The Director accepts and upholds the decision of the committee which essentially supports management's position in this grievance.

Thereafter, Roeber filed his petition for judicial review in the District Court. While the matter was there pending, Roeber, through his counsel, filed a motion for a declaratory judgment from the District Court determining that the non-union employees had an express or implied contract with the State, which was impaired by the action of the Department. The District Court, by letter to all counsel, called attention to the motion and requested of counsel whether a judicial review proceedings could be converted into a declaratory judgment action. The parties met and orally stipulated that this should be done, and eventually the written stipulation above set forth was executed by counsel for Roeber and the State.

In its findings of fact and conclusions of law, the District Court expressed frustration about the grievance procedure at the administrative level. The court stated:

The hearing at the local grievance level was, as this Court finds, a "nondecision." The committee concluded that it had insufficient evidence to make an informed decision. It passed it on by way of an administrative appeal to the Director of the Department of Institutions.

12

On January 26, 1988, the Department disposed of the matter by a Director's decision. The Director, despite the "nondecision" character of the local committee's actions, treated it as one, holding that the plaintiff had failed to sustain their "burden of proof" and that management had the right to make the change. By upholding management's "decision" there was thus created two different categories as far as the paid one-half hour lunch period was concerned--one for the union--a different one for non-union.

The District Court went on to determine that it had jurisdiction to determine the legal rights of the parties under the broad provisions of the Uniform Declaratory Judgments Act, particularly because counsel for both parties had agreed that judicial review of the administrative decision was now moot. Moreover, the District Court found as a fact that there existed an implied contract between management and plaintiffs establishing a paid one-half-hour lunch as one of conditions of their employment. It found a breach by management of the implied contract of employment, so the court held in favor of the employees.

The majority opinion decides the case as though Roeber and his associates had elected a grievance form of remedy and could apply for none other. This flies in the face of § 2-4-506, MCA, which provides that a declaratory judgment may be rendered "whether or not the plaintiff has requested the agency" to pass upon the applicability of the rule in question. This Court should be especially unwilling to be used as a pawn, where the appellant in this case stipulated in writing to the declaratory procedure adopted by the District Court, and then on appeal seeks to evade the results of its stipulation. In this case, the administration had attempted to impose the same non-paid lunch period upon the

13

union employees as upon the non-union employees. However, the collective bargaining agreement and grievance filed by union employees made the administration back up and reinstate for the union employees the paid lunch period. The District Court found that factor important. The district judge noted in his memorandum:

> There was, of course, no written contract, except that made by the department with the collective bargaining unit. It seems to the Court that by agreeing with the union as it did on July 1, 1987, management went a long way toward acknowledging a long-standing agreement with all of its employees. The evidence was persuasive that this agreement existed. The agreement may have been contrary to the eight hour day statute (§ 39-4-107, MCA); but even that statute has escape clauses in the form of provisions for collective bargaining agreements as well as the mutual agreement between management and employees not covered by union contract.

> The court agrees with plaintiff that the long time conduct created an implied contract which could not be unilaterally changed as it was . . .

The truth is the only means for redress for the non-union employees in this case is by means of declaratory judgment. The grievance procedure is not fitted to handle such questions of law as the impairment of contracts and the existence of implied contracts. These are legal questions more properly in the sphere of judicial action. The legislature considered the possibilities and provided a double remedy in cases such as this: one if a grievance procedure would remedy the situation, and the other, whether or not the grievance procedure sufficed, for a judicial remedy by declaratory relief.

14

One wonders, now that the majority has ordered a further judicial review, what the District Court will find to review. It will not be helped by the "nondecision."

I dissent and would affirm the judgment of the District Court.

_____
                    Justice

I concur with the foregoing dissent of Justice Sheehy.

_____
                    Justice