JUSTICE BARZ
delivered the Opinion of the Court.
The State of Montana, Department of Institutions and Montana Developmental Center appeal from the judgment of the District Court for the Fifth Judicial District, Jefferson County, granting respondents’ petition for declaratory judgment. We reverse and remand.
Respondents are employees of the Montana Developmental Center in Boulder. The Developmental Center is operated by the Department of Institutions. There are both union and non-union employees at the Developmental Center. Union employees are subject to a collective bargaining agreement from which respondents, as non-union employees, are exempt. Respondents were hired from within the Center, by bid, and from outside the Center, by application. Each of the respondents received a personnel manual and other literature describing the general terms of employment.
Prior to June, 1987, all Center personnel who worked an eight hour shift were paid for their half-hour lunch break. In June, management notified both union and non-union employees they would be required to work an eight hour day with an unpaid half-hour lunch break effective June 8, 1987. The grievance filed by the employees was successful and management restored their paid half-hour lunch break in accordance with the collective bargaining agreement.
Respondents filed a non-union grievance asserting management wrongfully terminated their paid half-horn: lunch breaks and increased their working hours. Management denied this grievance. A three member grievance committee held:
“It would seem that additional information, policies and regulations which may have significant bearing on this matter were not made available to the committee.
*439 “It cannot be determined whether there is or is not, in fact, a contractural [sic] relationship as a result of said document; i.e., job announcement ...”
The committee referred the grievance to the Director of Institutions. The Director found as follows:
“It is the decision of the Director to accept the holdings of the committee which indicated that the grievants failed to sustain the burden of proof and essentially affirms management’s position.
“The Director accepts and upholds the decision of the committee which essentially supports management’s position in this grievance. ’ ’
Respondents then filed a petition for judicial review asserting their right to retroactive pay and reinstatement of the paid half-hour lunch break. Before the District Court ruled on the matter, respondents filed a motion for declaratory judgment seeking relief identical to that prayed for in the petition for judicial review. The parties then stipulated to allow respondents to file an amended petition. Respondents filed an amended petition for judicial review and motion for declaratory judgment. Contained within count I were the claims originally asserted in their petition for judicial review and within count II those set forth in the original motion for declaratory judgment. The District Court, on stipulation of counsel, converted the hearing on respondents’ amended petition to a pretrial hearing on the matter. In its findings of fact and conclusions of law filed following oral argument, the District Court found that:
“By oral stipulation of counsel, the petition for judicial review was converted to a declaratory judgment action pursuant to § 27 8-101, MCA, et seq.
“[I]t [had] jurisdiction to determine the legal rights of the parties under the broad provisions of the Uniform Declaratory Judgments Act embraced by the cited statutes, and that counsel for both parties agree[d] that the judicial review of the administrative decision [was] moot.”
There is no record of an oral stipulation between the parties aside from the District Court’s finding.
The lower court ordered appellants to reinstate the paid lunch half-hour and to reimburse respondents for their unpaid lunch breaks since June of 1987. Appellants argue the District Court substituted its judgment for that of the administrative decision maker by inferring facts not clearly in the record. We note the paucity of findings upon which the District Court could rely on review. Lower courts may *440 remand petitions for judicial review for further proceedings pursuant to § 2-4-704, MCA.
The dispositive issue on appeal concerns the standard of review applied by the District Court in reversing the decision of the Director of Institutions. The lower court’s findings of fact, as set forth above, conform to the spirit of the Uniform Declaratory Judgments Act codified at § 27-8-101 et seq., MCA. Section 27-8-102, MCA, makes evident the purpose and nature of the Act:
“This chapter is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered.”
District courts have significantly less latitude upon judicial review of administrative decisions in contested cases pursuant to the Montana Administrative Procedure Act (MAPA), Title 2, Section 4, MCA. Section 2-4-704, MCA, provides:
“The review shall be conducted by the court without a jury and shall be confined to the record.
“The court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because:
“(a) the administrative findings, inferences, conclusions, or decisions are:
“(i) in violation of constitutional or statutory provisions;
“(ii) in excess of the statutory authority of the agency;
“(in) made upon unlawful procedure;
“(iv) affected by other error of law;
“(v) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;
“(vi) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
“(b) findings of fact, upon issues essential to the decision, were not made although requested.”
Appellants contend the judicial review of the administrative decision was not moot and therefore review of that decision pursuant to MAPA was proper. District courts may not overturn agency decisions unless substantial, credible evidence supporting a finding of fact is lacking. Hammerquist v. Employment Sec. Div. of the Montana *441 Dep’t. of Labor and Indus. (1988), 230 Mont. 347, 349, 749 P.2d 535, 536. District courts have greater discretion in reviewing conclusions of law because of an enhanced ability to interpret and apply the law to the facts. City of Billings v. Billings Firefighters Local No. 521 (1982), 200 Mont. 421, 430, 651 P.2d 627, 632. Administrative conclusions of law must be upheld by district courts unless they constitute an abuse of discretion. City of Billings, 651 P.2d at 632.
Clearly, the District Court in the instant case possessed broader remedial powers by proceeding under the Uniform Declaratory Judgments Act than had it subjected the agency decision to judicial review pursuant to MAPA.
We hold the District Court improperly proceeded under the Uniform Declaratory Judgments Act in this case.
“The purpose of declaratory relief is to liquidate uncertainties and controversies which might result in future litigation and to adjudicate rights of parties who have not otherwise been given an opportunity to have those rights determined. However, it is not the true purpose of the declaratory judgment to provide a substitute for other regular actions.
‘ ‘Other jurisdictions have denied the remedy of declaratory judgment where appeal by statute or otherwise from the actions of administrative bodies exists.” (Citations omitted.)
Matter of Dewar (1976), 169 Mont. 437, 444, 548 P.2d 149, 153-54.
Pursuant to § 2-4-506, MCA, plaintiffs may bring a declaratory action to challenge the validity of a rule. However, § 2-4-102(10), MCA, sets forth the rules subject to that section:
“ ‘Rule’ means each agency regulation, standard, or statement of general applicability that implements, interprets, or prescribes law or policy or describes the organization, procedures, or practice requirements of an agency. The term includes the amendment or repeal of a prior rule but does not include:
“(a) statements concerning only the internal management of an agency and not affecting private rights or procedures available to the public;
“(e) rules implementing the state personnel classification plan, the state wage and salary plan, or the statewide budgeting and accounting system;
*442 The internal personnel policy at issue in the instant case is conspicuously and specifically excluded from the purview of this section. In this case, where respondents had a remedy of appeal from the administrative decision, declaratory relief was improperly granted. We reverse and remand for judicial review pursuant to MAPA.
The effect of the District Court’s ruling would be to encumber the Department of Institutions and the Montana Developmental Center, with a sempiternal [adj.: everlasting; perpetual; eternal, Wesbter’s New World Dictionary 1295 (2nd College ed. 1986)] personnel policy unique to this facility. We note the policy change brought the affected employees into conformance with the State classification plan codified at §§ 2-18-201, et seq., MCA. Although the union employees are now paid for their lunch breaks that policy is subject to change during the periodic renegotiation of their collective bargaining agreement. We will not affirm a holding which has the effect of prohibiting any change in this policy.
Reversed and remanded.
CHIEF JUSTICE TURNAGE and JUSTICES HARRISON, WEBER, andMcDONOUGH concur.