No. 90-331

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

JOHN J. STUART AND
LEE J. TICKELL,

     Plaintiffs and Appellants,

-vs-

DEPARTMENT OF SOCIAL AND REHABILITATION
SERVICES, a state agency with the
executive branch of state government,
and the STATE OF MONTANA,

     Defendants and Respondents.

APPEAL FROM:   District Court of the First Judicial District,
                In and for the County of Lewis and Clark,
                The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

     For Appellants:

          Edmund F. Sheehy, Jr.; Cannon & Sheehy, Helena,
          Montana

     For Respondents:

          G. Curtis Drake; Keller, Reynolds, Drake, Sternhagen
          & Johnson, Helena, Montana

     For Amicus:

          Carter N. Picotte, Attorney at Law, Helena, Montana
          (For Montana Public Employees Association)

FILED

Submitted on Briefs: February 13, 1991

Decided: March 6, 1991

Filed:   MAR - 6 1991

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice R.C. McDonough delivered the Opinion of the Court.

Plaintiffs, John J. Stuart and Lee J. Tickell, appeal from an order of the First Judicial District Court, Lewis and Clark County, granting summary judgment in favor of the Department of Social and Rehabilitation Services (hereinafter SRS) and the State of Montana and dismissing plaintiffs' complaint. We affirm in part, reverse in part and remand.

The issues are:

1. Whether the District Court erred in finding that the appellants were not denied notice and opportunity for hearing with respect to forfeiture of their annual leave.

2. Whether the District Court erred in granting summary judgment on the basis that the appellants' failure to exhaust administrative remedies precluded them from challenging the constitutionality of § 2-18-617(2), MCA.

3. Whether this Court should assume original jurisdiction under the Montana Declaratory Judgments Act to resolve the remaining constitutional issues raised.

John J. Stuart was the Chief of the Personnel Division for SRS. Lee J. Tickell was the Acting Administrator of the Centralized Services Division of SRS. On July 21, 1989, the Director of SRS gave notice by letter to both Stuart and Tickell that their employment with SRS was terminated as of July 31, 1989, unless they requested a hearing on the terminations. Both were advised that they were temporarily suspended without pay pending

2

a final date of termination. Stuart and Tickell were further advised that the reasons for their terminations were criminal mischief charges pending against them for destroying property of a fellow employee. An additional reason given for Tickell's termination was SRS's conclusion, following an investigation, that he had committed sexual harassment and other misconduct against female employees of SRS.

On July 25, 1989, by separate letter, Stuart and Tickell both requested a hearing on their respective terminations. Both parties agreed to submit the issue of suspension without pay to a hearing examiner without a formal hearing. On August 25, 1989, the hearing examiner issued a proposed order upholding the decision of SRS to suspend the employees without pay. The issue of the employees using their accrued compensation or annual leave during the period of suspension was also brought before the hearing examiner, however, the hearing examiner refused to rule on the issue stating that the employees first had to submit their requests to SRS for a decision consistent with administrative rules and agency policy pursuant to Section 2.21.8013, A.R.M. SRS adopted the recommended order of the hearing examiner on August 28, 1989.

On that same day, Stuart and Tickell submitted formal requests to SRS to use their accrued compensation time and annual leave for their grievance proceedings. On September 11, 1989, SRS's attorney sent a letter to appellants' attorney advising them that SRS would not offer Stuart and Tickell the right to use accrued compensation

time, and that the use of accrued annual leave was also being denied until the terminations were final. The appellants were advised to resubmit their requests for accrued annual leave at that time.

On September 20, 1989, Stuart was convicted of felony criminal mischief, and Tickell was convicted of the felony offense of accountability for criminal mischief. On September 29, 1989, each appellant was paid one quarter of their accumulated sick leave pursuant to § 2-18-618(5), MCA, and orally notified that they would not receive their accrued annual leave. On October 10, 1989, Stuart and Tickell stipulated to waive their rights to the administrative hearing on their terminations, as a result of the conviction of criminal charges.

Stuart and Tickell filed the complaint in this action in District Court on October 6, 1989, challenging the failure of SRS to reimburse their accrued annual leave upon their termination. In addition, appellants sought penalties under §§ 39-3-205 and 206, MCA, as well as a declaratory ruling that they were entitled to accrued annual leave because they had no notice of forfeiture, and a declaratory ruling that § 2-18-617(2), MCA, was unconstitutional. On June 18, 1990, the District Court granted summary judgment in favor of SRS and plaintiffs appealed.

The first issue is whether the District Court erred in finding that the appellants were not denied notice and opportunity for hearing with respect to forfeiture of their annual leave.

4

Appellants argue that they were never given any notice of forfeiture and notice of a right to file a grievance and, therefore, were deprived of their accumulated annual leave without due process. We disagree. The record shows that the appellants requested hearings on their terminations and agreed to have a hearing examiner decide the issue of suspension without pay. They also brought before the hearing examiner the issue of using accrued annual leave during the period of suspension, however the hearing examiner refused to rule on that question and informed appellants that they should submit their requests in accordance with administrative regulations. Appellants did so and were notified, in writing, by counsel for SRS on September 11, 1989, that their requests were denied. The letter went on to read,

> Although SRS is denying the request to use vacation time now, this may be reviewed when the employees are actually terminated, which cannot occur with respect to Mr. Stuart and Mr. Tickell until they have had the administrative hearing which they have demanded as part of the grievance procedure. If they wish to resubmit their requests for unused vacation time upon actual termination, it will be reconsidered.

Actual termination could not have occurred until Stuart and Tickell waived their right to the hearings on their terminations on October 10, 1989. Therefore the issue of whether they were entitled to their annual leave upon termination could not be addressed until that time.

In Welsh v. City of Great Falls (1984), 212 Mont. 403, 690 P.2d 406, we stated that an individual can only waive his right to a hearing if he knew of his right and voluntarily waived that

right. Welsh, 212 Mont. at 411, 690 P.2d at 411. Whether appellants knew of their right by way of notice or whether they had independent knowledge of a right to a hearing does not matter. Here, Stuart was formerly the head of the Personnel Division for SRS and Tickell the acting administrator of SRS's Centralized Services Division. Both had, by experience, superior knowledge of grievance procedures in their agency and utilized them personally in grievance matters. In addition, the letter clearly notified appellants of the fact that they were entitled to request their annual leave upon actual termination. These facts coupled together certainly indicate appellants knew they may not receive their annual leave and, if such were the case, were entitled to a hearing on the matter.

A waiver of a right can be express or implied by conduct. Welsh, 212 Mont. at 411, 690 P.2d at 411. The appellants never attempted to pursue their administrative remedy with respect to their forfeiture of annual leave. They attempted to proceed directly to the District Court, and in fact, filed their complaint in District Court before they had even had their requested hearings on the matter of their terminations. Such conduct can only be interpreted to be a voluntary waiver of appellants' right to a hearing on their denial of annual leave. The appellants cannot fail to pursue an available administrative remedy and then turn around and claim they were denied due process. We hold that the District Court did not err in finding that the appellants were

afforded sufficient due process with respect to forfeiture of their annual leave.

The second issue is whether the District Court erred in granting summary judgment to SRS on the basis that the appellants' failure to exhaust their administrative remedies precluded them from challenging the constitutionality of § 2-18-617, MCA.

The District Court held that since the appellants failed to give the SRS agency an opportunity to resolve the grievance, all various constitutional claims made by appellants must fail. The District Court failed to explain how it reached this conclusion and we can only surmise that it relied on the arguments made by SRS. SRS contends that since appellants presented issues suitable for administrative review in addition to the constitutional issues, the appellants must first exhaust their administrative remedies. SRS cites Raynes v. City of Great Falls (1985), 215 Mont. 114, 696 P.2d 423, in support of its argument. Raynes does not state that all issues must be constitutional before those issues can be brought in a declaratory judgment action without exhausting administrative remedies. The language in Raynes is somewhat misleading as the special concurrence therein indicates. It is possible for a constitutional claim to not be properly before a court in a declaratory judgment action as was the situation in Raynes, however, this does not mean administrative remedies must be exhausted before bringing a declaratory judgment action to resolve a constitutional question. This Court has previously held that the

7

exhaustion doctrine is not applicable to constitutional issues. See Mitchell v. Town of West Yellowstone (1988), 235 Mont. 104, 765 P.2d 745. SRS also cites Roeber v. State of Montana (1990), 243 Mont. 437, 795 P.2d 424, to support the argument that declaratory judgment proceedings are unavailable if an administrative remedy is available. In Roeber, however, there were no constitutional issues raised. Roeber is inapplicable to the situation here. Constitutional issues are questions for the courts and not administrative agencies. As we stated in Mitchell:

> When such a bona fide constitutional issue is raised, a plaintiff has a right to resort to the declaratory judgment act for a determination of his rights; and he may not be required to submit himself to the provisions of the ordinance which he claims are unconstitutional. . . . The first business of courts is to provide a forum in which the constitutional rights of all citizens may be protected.

Mitchell, 235 Mont. at 109-110, 765 P.2d at 748.

Appellants are not precluded from challenging the constitutionality of § 2-18-617, MCA, solely on the basis that they failed to exhaust their administrative remedies. The constitutional issues raised, excluding their denial of due process claim, were properly before the District Court.

The last issue is whether this Court should assume original jurisdiction under the Montana Declaratory Judgments Act to resolve the constitutional issues raised by appellants.

Appellants urge this Court to exercise our original jurisdiction under the Uniform Declaratory Judgments Act, §§ 27-8-101 et seq., MCA, and resolve the remaining constitutional

8

issues. The three major factors that must exist before this Court will exercise its original jurisdiction are:

> (1) where constitutional issues of major statewide importance are involved, (2) where the questions involved are purely legal questions of statutory or constitutional construction, and (3) where urgency and emergency factors exist making the normal appeal process inadequate. (Citation omitted.)

White v. State (1988), 233 Mont. 81 at 84, 759 P.2d 971 at 973. Taking each factor individually, we first consider whether the constitutional issues raised by appellants are of major statewide importance. Appellants challenge the constitutionality of § 2-18-617(2), MCA, on its face and, consequently, challenge a statute that applies to State employees and has the potential of affecting all State employees upon their termination. A statute with the potential of affecting such a large number of individuals across the State can be classified as major statewide importance.

The second factor requires that there be only legal questions involved. The District Court granted a summary judgment and could not have done so if there existed any material issue of fact. In reviewing the record we agree with the District Court and find the second factor exists.

However, upon consideration of the third factor, we cannot conclude that there exists any urgency or emergency factors that make the normal appeal process inadequate. It is not a situation where appellants have been suspended and are still waiting for a decision on whether they have jobs, and similarly, to our knowledge there exists no immediate circumstances where others need an

9

expeditious result. The normal appeal process is clearly adequate in this situation and such being the case, we will not usurp the jurisdiction of the District Court.

The issue of due process is affirmed. The remaining constitutional issues of equal protection, improper delegation of authority and vagueness as they relate to § 2-18-617(2), MCA, are remanded to the District Court for further proceedings.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

10