No. 91-603

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

BARBARA J. SCHNEEMAN,

Petitioner and Appellant,

-vs-

THE STATE OF MONTANA, DEPARTMENT
OF LABOR AND INDUSTRY, and
NORTHERN PLAZA LIMITED PARTNERSHIP,
a Colorado limited Partnership,
d/b/a THE RADISSON NORTHERN HOTEL,

Respondent and Respondent.

FILED

MAR 1 0 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and for the County of Yellowstone,
                The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Timothy J. Whalen; Whalen & Whalen, Billings,
        Montana

    For Respondent:

        Daniel B. McGregor, Department of Labor and
        Industry, Helena, Montana

Submitted on Briefs:   May 14, 1992

Decided: March 10, 1993

Filed:

_____
              Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Appellant Barbara Schneeman (Schneeman) appeals from a Memorandum Order of the Thirteenth Judicial District, Yellowstone County, which affirmed a Board of Labor Appeals' determination that she was ineligible for unemployment compensation benefits. We affirm.

Schneeman raises the following procedural issues on appeal:

Did the District Court improperly deny Schneeman an opportunity to present the appeal of her unemployment insurance claim:

1) By refusing to allow her to engage in discovery and present evidence in connection with her constitutional and state law claim of entitlement to a fair and impartial hearing and decision on her unemployment claim; and

2) By ruling on her petition for judicial review without giving her an opportunity to brief and argue the merits of that portion of her appeal?

Because the issues raised by Schneeman are procedural in nature, only a short recitation of the underlying facts is necessary. Schneeman began working for the Radisson Northern Hotel as an account executive in the marketing department in August 1989. She was eventually assigned responsibility for the state and federal government accounts and the community association account. Her initial performance evaluations indicated that she was performing satisfactorily. However, problems developed between Schneeman and her fellow employees and supervisors. Her supervisor

2

eventually determined that she should undergo a "retraining" process during which her actions would be closely monitored. Before the process began, Schneeman terminated her employment effective June 6, 1990, in response to what she considered a "constructive termination of [her] employment." Her supervisor did not request that she leave or discharge her; her position remained available to her at the time she terminated her employment.

Schneeman filed a Claimant's Discharge Statement with the local office of the Benefits Bureau of the Unemployment Insurance Division of the Department of Labor and Industry. The deputy awarded Schneeman benefits after finding that her "separation [from employment] was with good cause attributable to the employment." Her employer appealed to the appeals referee, who reversed the deputy. On appeal, the Board of Labor Appeals (Board) adopted as its own the findings and decision of the referee. The District Court subsequently affirmed the Board's decision.

I

Did the District Court err in refusing to allow discovery and an evidentiary hearing?

Before the District Court, Schneeman sought to conduct discovery and present evidence in support of the following claims which she alleged in her petition for judicial review:

. . .

8. [T]he actions of the Board violated the constitutional rights of the petitioner to due process of law;

9. The history of decisions of the Appeals Referee in this case support a violation of Section 39-51-305, MCA

3

> providing for the appointment of an impartial Appeals
> Referee for the necessary and proper administration of
> the unemployment insurance laws;
>
> . . .

Conceding that these issues were not raised in any earlier stage of the process, Schneeman argues that she could not have raised them, especially the due process claim, at the agency level. She argues that neither the appeals referee nor the Board had jurisdiction to pass on constitutional questions or whether their actions satisfied the requirements of § 39-51-305, MCA. She relies on § 2-4-703, MCA, a provision of the Montana Administrative Procedure Act (MAPA), which allows for the presentation of additional evidence during judicial review of a contested case if the evidence is material and there is a good reason for failure to present it in the proceedings before the agency.

In City of Billings v. State Bd. of Labor Appeals (1983), 204 Mont. 38, 663 P.2d 1167, this Court held that the provisions of MAPA do not apply to judicial review of a claim for unemployment insurance benefits before the Board of Labor Appeals. In detailing the reasons MAPA does not apply, we noted that by its own terms MAPA is inapplicable where, as with the unemployment insurance laws, a complete procedure exists for handling claims, including a procedure for judicial review. Section 2-4-107, MCA. We have followed and relied on City of Billings in numerous cases. See Decker Coal Co. v. Employment Sec. Div. (1983), 205 Mont. 1, 667 P.2d 923; Gypsy Highview Gathering System, Inc. v. Stokes (1986), 221 Mont. 11, 716 P.2d 620; Zimmer-Jackson Assoc., Inc. v.

4

Department of Labor and Indus. (1988), 231 Mont. 357, 752 P.2d 1095 (citing <u>Gypsy Highview</u>). See also Ward v. Johnson (1990), 242 Mont. 225, 790 P.2d 483 (§ 39-51-2410(5), MCA, limits scope of judicial review of Board of Labor Appeals decision).

Schneeman relies on Slayter v. Employment Sec. Div. (1984), 208 Mont. 166, 676 P.2d 220, to argue that MAPA does apply to judicial review of an unemployment insurance claim, and that she is entitled to present evidence before the District Court pursuant to § 2-4-703, MCA. It is true that we departed from <u>City of Billings</u> in <u>Slayter</u> in stating that the judicial review section of MAPA, § 2-4-704, MCA, "elaborates" on the judicial review provisions of the unemployment insurance laws. <u>Slayter</u>, 676 P.2d at 222. We did not, however, go so far as to extend any other provisions of MAPA, including § 2-4-703, MCA, to judicial review of an unemployment insurance claim. Therefore, we do not find Schneeman's argument persuasive. Furthermore we expressly overrule that portion of <u>Slayter</u> that states that MAPA elaborates on the standard of judicial review of a claim for unemployment insurance benefits.

Moreover, notwithstanding the fact that MAPA does not apply, Schneeman was not entitled to discovery or an evidentiary hearing for other reasons. We first address Schneeman's claim that the requirements of § 39-51-305, MCA, were not satisfied. Section 39-51-305, MCA, entitles Schneeman to an impartial appeals referee:

> **Department to appoint appeals referees.** To hear and decide disputed claims, the department shall appoint such impartial salaried appeals referees as are necessary for the proper administration of this chapter in accordance with 39-51-304. No person shall participate on behalf of the department in any case in which he is an interested

5

party. The department may designate alternates to serve in the absence or disqualification of an appeals referee.

She contends that the referee who heard her claim was not impartial and that she was entitled to pursue discovery and present evidence on that issue during her judicial review proceeding in the District Court. However, Montana law and the administrative rules promulgated by the Department of Labor and Industry provided Schneeman with the means of addressing her claim of bias long before she reached the district court level.

Title 24, Chapter 11 of the Administrative Rules of Montana pertains to the Unemployment Insurance Division. More specifically, 24.11.319, ARM, sets forth a procedure for the disqualification of an appeals referee pursuant to § 2-4-611, MCA. Section 2-4-611, MCA, provides in pertinent part:

> **Hearing examiners - . . . disqualification of hearing examiners and agency members.**
>
> . . .
>
> (4) On the filing by a party, hearing examiner, or agency member in good faith of a timely and sufficient affidavit of personal bias, lack of independence, disqualification by law, or other disqualification of a hearing examiner or agency member, the agency shall determine the matter as a part of the record and decision in the case. The agency may disqualify the hearing examiner or agency member and request another hearing examiner pursuant to subsection (2) or assign another hearing examiner from within the agency. The affidavit must state the facts and the reasons for the belief that the hearing examiner should be disqualified and must be filed not less than 10 days before the original date set for the hearing.

This procedure provides a claimant with an opportunity to raise and support the issue of claimed bias of an appeals referee; it also provides a means by which the issue can be determined timely and on

6

the record. Schneeman failed to raise the issue of the referee's bias as required, and in the absence of a timely request for disqualification, the matter could not properly be raised or addressed in the District Court. In re Sorini (1986), 220 Mont. 459, 462, 717 P.2d 7, 9.

We now address Schneeman's claim that the Board was not impartial and, as a result, her right to due process was violated. The requirements of due process apply to administrative agencies. See Montana Power Co. v. Public Serv. Comm'n (1983), 206 Mont. 359, 671 P.2d 604. A judicial body, not an administrative body, is the proper forum to decide constitutional questions, Jarussi v. Board of Trustees (1983), 204 Mont. 131, 135-136, 664 P.2d 316, 318, especially the constitutionality of its own actions, Hays v. State Dept. of Business Reg. (Fla. Dist. Ct. App. 1982), 418 So.2d 331, 332. However, we have stated that "where the statutes provide for judicial review of a particular order made or agreed upon by a prejudiced commissioner there is no denial of due process." Cascade County Consumers Assoc. v. Public Serv. Comm'n (1964), 144 Mont. 169, 191, 394 P.2d 856, 867, cert. denied, 380 U.S. 909 (1965). Thus, even assuming a lack of impartiality by members of the Board, the availability of judicial review of the Board's decision mandates our conclusion that Schneeman has not been denied due process.

We also note in this regard that Schneeman does not challenge the District Court's determination that there was substantial credible evidence to support the determination of the Board. Her

7

claims of bias at the agency level are irrelevant where the District Court independently determines there was substantial credible evidence to support the denial of benefits. See Cascade County Consumers Assoc.

We hold that the District Court did not err in refusing Schneeman's request to conduct discovery and hold an evidentiary hearing.

## II

Did the District Court deny Schneeman an opportunity to argue the merits of her petition for judicial review?

At the time she filed her petition, Schneeman did not file a brief on the merits of the issues contained therein. Nor did she file a brief in support of her claim that the Board's decision was not supported by substantial credible evidence at any other time during the proceedings. Her only brief related to her request for discovery and an evidentiary hearing. The District Court's Memorandum Order determined all of the issues before it. In addition to denying her request for discovery and an evidentiary hearing, the court determined, after an examination of the record, that substantial credible evidence existed to support the Board's determination. Schneeman claims that the District Court denied her the opportunity to argue the merits of the various allegations contained in her petition because it ruled on those at the same time it ruled on her request for discovery and an evidentiary hearing, before she had the opportunity to brief the other issues.

We conclude that Schneeman's claim fails for two reasons.

8

First, she had ample opportunity to address the issues she raised. Schneeman filed her petition for judicial review on November 30, 1990. On February 4, 1991, the court issued a briefing schedule requiring Schneeman to file her brief in support of her petition by April 26, 1991, with a response by the State due by May 17, 1991, and her reply by May 28, 1991. Schneeman did not file her brief as ordered, but now asserts that failure was due to her attorney's presence at the legislative session. However, she did not request a modification of the briefing schedule at any time although she had almost three months notice of the briefing deadlines. The State timely filed its brief in opposition to her petition pursuant to the court's briefing schedule.

According to Schneeman, on June 3, 1991, over a month after her initial brief was due, the court's law clerk requested a brief on the issues of discovery and an evidentiary hearing. That brief was due by June 28, 1991, with the State's brief due ten to twenty days later. Schneeman argues that this constituted a change in the original briefing schedule. However, nothing in the record indicates that Schneeman requested, or that the court anticipated or granted, a change in the original schedule.

During the ten months between the time the District Court issued its original briefing schedule and the time it entered its Memorandum Order, Schneeman neither requested a modification or extension of the original briefing schedule nor requested oral argument as specifically provided for in the briefing schedule. She cannot now complain that her failure to brief or argue is the

9

court's responsibility rather than her own.

Schneeman also appears to argue that the fact that she filed an amended petition after the court set the briefing schedule nullified the original schedule. This contention is without merit. The amended petition only identified her employer as a party. Her employer was not served with the amended petition nor did it appear before the District Court. The amended answer contained nothing new.

Schneeman's claim that she was denied an opportunity to argue the merits of her petition also fails for another reason. She ultimately wanted the District Court to determine that substantial credible evidence did not exist to support the Board's determination that she was not entitled to unemployment benefits. Schneeman appears to argue to this Court that she was waiting on the District Court's ruling on her right to an evidentiary hearing before she submitted argument on this ultimate issue. However, her argument to the District Court on the issue of lack of record support for the Board's determination did not hinge on anything she might discover; that issue was to be decided on the record made before the agency. Therefore, she could have presented her argument on this issue without delay. In any event, the District Court examined the record and determined that it contained sufficient evidence to support the Board's decision. As noted above, Schneeman does not assert error in this regard.

We hold that the District Court did not deny Schneeman an opportunity to argue the merits of her petition for judicial

review.

Affirmed.

_____
                Justice

We concur:

_____
        Chief Justice

_____

_____

_____
              Justices

11