No. 92-394

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

DAVE POTTER,

Petitioner and Appellant,

-vs-

MONTANA DEPARTMENT OF LABOR AND
INDUSTRY, CONTRIBUTIONS BUREAU;
JOHN BRUTON, d/b/a DOWNING PHARMACY;
ED KOPFMAN, d/b/a RENTAL CENTER;
BENEKE CONSTRUCTION; JOHN LOHDEN
CONSTRUCTION, and MORT ARKAVA,

Respondents and Respondents.



FILED

MAY 27 1993

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Ravalli,
               The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Judith A. Loring, Attorney at Law, Stevensville,
                Montana

        For Respondents:

                Daniel B. McGregor, Legal Services Div., Department
                of Labor & Industry, Helena, Montana
                Julio K. Morales, Morales Law Office, Missoula, Montana
                James Park Taylor, Attorney at Law, Missoula, Montana

                                Submitted on Briefs: November 19, 1992

                                            Decided:  May 27, 1993

Filed:

_____
                    Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the Fourth Judicial District, Ravalli County, the Honorable Douglas G. Harkin presiding. Appellant Dave Potter (Potter) appeals an order affirming a Board of Labor Appeals decision that in 1987 he was an independent contractor, not an employee, and therefore was not eligible for unemployment insurance benefits. We affirm.

On May 23, 1988, the Department of Labor and Industry (the Department) determined that Potter, a carpenter and mason, had been an independent contractor in 1987. Potter appealed this determination. The Board of Labor Appeals (the Board) adopted the Department's determination after a telephone hearing on August 30, 1988. Potter petitioned for review in district court, but after discovery the Department agreed to vacate its earlier decision and conduct a second, in-person hearing.

Participants in the second hearing, held on January 28, 1991, included the Department and four of the other respondents in this appeal: John Bruton, Ed Kopfman, Beneke Construction, and Mort Arkava. All of the respondents had hired Potter in 1987 for specific carpentry or masonry projects. The sixth respondent, John Lohden Construction, was not present but did provide documents describing the association between Potter and John Lohden Construction as an independent contractor relationship. The hearing officer sustained the Department's May 23, 1988 determination that in 1987 Potter was an independent contractor in his association with the respondents. Potter appealed to the

2

Board, which adopted the hearing officer's findings on June 6, 1991.

Potter again petitioned for judicial review in district court. The court reviewed the parties' briefs and on June 30, 1992 entered judgment upholding the determination that Potter was an independent contractor when he performed services for the respondent employers.

## STANDARD OF REVIEW

Under Section 39-51-2410(5), MCA, the findings of the Board as to the facts are conclusive, if supported by evidence and in the absence of fraud, and the jurisdiction of a reviewing court is confined to questions of law. "Supported by the evidence" means supported by substantial evidence, which is "something more than a scintilla of evidence but may be less than a preponderance of the evidence." Gypsy Highview Gathering System, Inc. v. Stokes (1986), 221 Mont. 11, 14, 716 P.2d 620, 623. Thus, the District Court must limit its review of the Board's findings to a consideration of whether they are supported by substantial evidence, and the same standard applies to this Court. Gypsy Highview Gathering System, 716 P.2d at 623. See also Thornton v. Commissioner of Dep't of Labor & Industry (1980), 190 Mont. 442, 446, 621 P.2d 1062, 1065 ("This Court may not substitute its judgment for that of the trial court or agency as to the weight of the evidence on questions of fact."). With regard to questions of law, however, our task is to determine whether the agency's interpretation of the law is correct. Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 803 P.2d 601.

3

Here, the threshold issue is whether Potter's status as independent contractor or employee is a question of law or a question of fact. When the facts surrounding a person's arrangement with employers are relatively undisputed, the question is one of law, and this Court is not bound by the conclusions of the District Court or the Board, as it would be regarding a question of fact. Solheim v. Tom Davis Ranch (1984), 208 Mont. 265, 272, 677 P.2d 1034, 1038. See also Carlson v. Cain (1983), 204 Mont. 311, 317, 664 P.2d 913, 916 ("[W]here there is no dispute as to what the arrangement is, the question of employee or independent contractor status is one of law for the court.").

When the facts are disputed, as here, the "substantial evidence" test is appropriate. In Hammerquist v. Employment Security Division (1988), 230 Mont. 347, 350, 749 P.2d 535, 537, for example, we held that a hearing officer had applied the proper "legal standard" in determining that a construction worker was an employee and not a partner of a building contractor, but we also held that "substantial evidence supports the hearing officer's finding and conclusion that no partnership or joint venture exists." See also Connolly v. Board of Labor Appeals (1987), 226 Mont. 201, 734 P.2d 1211 (substantial evidence test applied to a Board determination of employee misconduct).

Here, the District Court reviewed the hearing officer's findings of fact, which were adopted by the Board, and found that they were supported in the hearing transcript and were therefore conclusive. This Court also is bound by those findings, to the

4

extent that they are supported by substantial evidence. Larry's Post Co. v. Unemployment Insurance Div. (1989), 238 Mont. 190, 193, 777 P.2d 325, 327. If the factual findings are supported by substantial evidence, we must then determine whether the Board's legal conclusion as to Potter's status was correct. Steer, Inc., 803 P.2d at 603.

## THE INDEPENDENT CONTRACTOR ISSUE

Potter was hired by the respondent employers in 1987 for the following projects:

| | |
|---|---|
| John Bruton: | Build shelves and a check-out counter for Bruton's pharmacy |
| Ed Kopfman: | Lay a cabin foundation slab and remodel the cabin |
| Beneke Construction: | Form and pour concrete walls |
| John Lohden Construction: | Roof a building |
| Mort Arkava: | Lay blocks for a house, grout a wall, and pour concrete for a garage floor |

Potter states that he was paid by the hour for his work on all of these projects; that the employers provided most of the tools and all of the materials needed for each job; and that Beneke Construction and Lohden Construction hired him as one of several employees for their respective projects.

The test for determining whether an individual is an independent contractor is stated in § 39-51-201(14), MCA:

"Independent contractor" means an individual who renders service in the course of an occupation and:

(a) has been and will continue to be free from control or direction over the performance of the services, both under his contract and in fact; and

5

(b) is engaged in an independently established trade, occupation, profession, or business.

Potter clearly meets the second of these criteria. He admits that until 1987 he operated his own business, and most of the respondent employers testified that they had hired him before 1987 as an independent contractor. The hearing officer found that Potter was "independently established in a business" in 1987 because he performed similar work for several persons and "offered his carpentry/masonry services to any person or groups needing help with work he was able to perform."

Potter claims that in 1987 he "chose to give up his own independent business" and work only as an "hourly employee." He explains that in 1986 he hired a helper, Steve Anderson, whom he believed to be an independent contractor. The Department, however, determined that Anderson was an employee and that Potter was required to make unemployment insurance contributions. Potter decided then to become an employee himself. In practice, this meant that he asked employers to pay him by the hour instead of by the job. He did not specifically tell them that he was no longer operating his own business, nor did he ask any employer to withhold payroll taxes or to make employer contributions.

We hold that substantial evidence supports the hearing officer's finding that Potter had an independently established business in 1987.

As to the first criterion, freedom from control, we recognize four factors to be considered:

(1) direct evidence of the right or exercise of control;

6

(2) method of payment;
(3) furnishing of equipment; and
(4) right to fire.

Johnson v. Dept. of Labor and Industry (1989), 240 Mont. 288, 292, 783 P.2d 1355, 1358, citing Sharp v. Hoerner Waldorf Corp. (1978), 178 Mont. 419, 425, 584 P.2d 1298, 1301-1302. Independent contractor status is usually established only by "a convincing accumulation of these and other tests," while a finding of employee status can often be "solidly proved on the strength of one of the four items." Sharp, 584 P.2d at 1302; Walling v. Hardy Construction (1991), 247 Mont. 441, 807 P.2d 1335. We have consistently held, however, that statutes used as guides in determining a worker's status "must not be distorted to allow persons who are truly independent in their operation to be held employees merely for tax purposes and resulting benefits derived from an employer-employee relationship." St. Regis Paper Company v. Unemployment Compensation Comm'n (1971), 157 Mont. 548, 552, 487 P.2d 524, 526, quoted in Johnson, 783 P.2d at 1358.

The hearing officer concluded that three of the four factors indicated that Potter was an independent contractor in 1987. First, he found direct evidence of Potter's right of control in the following facts: each of the employers was interested only in the completed project; most of them were not capable of directing Potter's day-to-day work activities; and Potter usually performed the work on his own time schedule.

Potter argues that each of the respondent employers possessed and exercised the right to control his work because each one hired

7

him for a specific job, and most of them were at the job site daily, supervising his work and giving directions.

The traditional test of employee status is whether the employer controls only the end result of the work, which indicates that the worker is an independent contractor, or whether the employer controls the means by which the work is accomplished, which indicates that the worker is an employee. Johnson, 783 P.2d at 1358. An employer of an independent contractor, however, "is entitled to as much control of the details of the work as is necessary to ensure that he gets the end result that he bargained for." Walling, 807 P.2d at 1339.

Here, the record shows that none of the respondent employers controlled the days or hours of Potter's work, and that all of them except John Lohden Construction relied on Potter's expertise to complete the job. For example, Lisa Beneke testified that Beneke Construction had no experience with full-wall foundation forms and therefore hired Potter for his expertise in using his own forms to pour a full-wall foundation. The hearing officer found that Potter usually was free to determine the individual means of accomplishing the work he had agreed to do for these employers.

Second, the hearing officer found that Potter provided almost all of the necessary tools, forms, and equipment for the respondent employers' projects, and that his use of rental equipment owned by Kopfman was not inconsistent with independent contractor status.

Potter claims that the only tools he provided were "small hand tools" and that each of the respondents furnished all the equipment

8

necessary for his particular project. In particular, he claims that the two construction companies, Lohden and Beneke, provided "all" or "90 percent" of the tools he used on their projects. On the other hand, Potter admits that when he worked for Bruton, the pharmacist, he used "a table saw that [Bruton] was considering purchasing from [Potter]," and he testified at the Department hearing that he had supplied a cement mixer and a generator for the Kopfman job.

The respondent employers testified that they had purchased materials ordered by Potter and that Potter was free to hire assistants or obtain needed equipment independently.

When an employer furnishes valuable equipment, an employment relationship almost invariably exists. Solheim, 677 P.2d at 1038. Here, however, the record indicates that among the respondent employers, only Kopfman can be said to have furnished valuable equipment.

Third, the hearing officer found that the respondent employers did not have an absolute right to fire Potter, since either party could terminate the relationship without liability only if the end result were not accomplished as agreed. In Solheim, 677 P.2d at 1039 (quoting Larson, Workmen's Compensation Law, Vol. 1C, § 44.35), we described the right to fire as the power to control, noting that:

> The absolute right to terminate the relationship without liability is not consistent with the concept of independent contract, under which the contractor should have the legal right to complete the project contracted for and to treat any attempt to prevent completion as a breach of contract.

9

Here, Potter asserts that he could have quit without incurring liability; he also points out that Kopfman laid him off without incurring liability. The respondent employers testified that they believed they could terminate the relationship but were not sure of the consequences. None of them had executed a written contract, and damages for failure to perform had not been discussed.

The fact that neither Potter nor the employers were certain of their rights indicates that the employers did not have an absolute right to fire Potter. As we held in Solheim, 677 P.2d at 1039, the absence of an absolute right to terminate the relationship without liability supports the finding of an independent contractor relationship. Also see Johnson, 783 P.2d at 1359 (testimony indicating that neither party was certain of his rights as to the ability to terminate supported a finding of an independent contractor relationship).

With regard to the fourth factor, method of payment, the hearing officer found that Potter "was free to bid or it appears did bid the work performed based on his normal hourly rate." He concluded that the fact that the respondent employers paid Potter on an hourly basis was not conclusive evidence of an employer-employee relationship.

Potter insists that he was paid by the hour and not for the job, and that when he was an independent contractor he bid and was paid by the job. All of the respondent employers except Beneke Construction paid Potter weekly, for the number of hours worked. Beneke Construction paid him hourly wages at the end of each job.

10

While payment on a time basis is strong evidence of employment status, Solheim, 677 P.2d at 1038, we have observed before that in the construction industry carpenters often work on an hourly basis. Johnson, 738 P.2d at 1359. Hourly pay therefore is not conclusive evidence of either an independent contractor or an employment status.

In short, substantial evidence supports the hearing officer's findings of fact with regard to the four factors we recognized in Sharp, Solheim, and Johnson. Because three of the factors indicated that Potter was not an employee, and the fourth was not conclusive, the District Court concluded correctly that Potter was an independent contractor and therefore not entitled to unemployment insurance benefits for 1987.

AFFIRMED.

John Conway Harrison
Justice

We concur:

Chief Justice

Justices

11

Justice Terry N. Trieweiler dissenting.

I dissent from the opinion of the majority. I especially disagree with the majority's treatment of appellant's relationship with all of the respondents as if they were the same.

I conclude, based on the uncontroverted evidence, that Potter established an employer/employee relationship with John Bruton, Ed Kopfman, Beneke Construction, and John Lohden Construction as a matter of law.

The majority correctly notes that § 39-51-201(14), MCA, establishes a two-part test for determining whether someone rendering service for another is an independent contractor. It is not sufficient that petitioner has been or is engaged in an independent occupation or trade. He must also have been free from control over the performance of his services.

As pointed out by the majority, in determining whether there was freedom from control we consider four factors: "(1) direct evidence of right or exercise of control; (2) method of payment; (3) furnishing of equipment; and (4) right to fire." *Johnson v. Dept. of Labor & Industry* (1989), 240 Mont. 288, 292, 783 P.2d 1355, 1358.

While it is true that the first factor was disputed by each of the alleged employers, it is not correct that the remaining factors were disputed. Plaintiff testified, and all four of the above employers agreed, that he was paid by the hour for his services, rather than based on a contract bid. In *Solheim v. Tom Davis Ranch* (1984), 208 Mont. 265, 273, 677 P.2d 1034, 1038, we held that:

12

Method of Payment. Payment on a time basis is strong evidence of employment status. *Sharp [v. Hoerner Waldorf Corp.* (1978)] 178 Mont. at 425, 584 P.2d at 1302; *Larson*, Section 44.33(a), p. 8-74. Payment on a completed project basis is consistent with, but not conclusive of, independent contract status. *Larson*, Section 44.33(c), p. 8-93.

Potter also testified that each of the above respondents provided him with some of the tools or equipment that were necessary for the work that he did for them. John Bruton acknowledged that he provided the radial arm saw, and may have provided a few other tools. Ed Kopfman did not discuss the issue of tools. Lisa Beneke did not discuss tools, and John Lohden did not bother to show up and testify about anything. Therefore, the third part of the four-part test for control is also undisputed with regard to these four respondents. We previously held in *Solheim* that:

> According to *Larson*, when an employer furnishes valuable equipment, an employment relationship almost invariably exists, but the test does not cut in both directions with equal force. Proof showing a worker furnished his own equipment is not necessarily fatal to a finding of employee status. *Larson*, Section 44.34, pp. 8-95 - 8-104.

*Solheim*, 677 P.2d at 1038.

Finally, Potter testified that he could have terminated his employment with any of the above respondents at any time without incurring liability to them and that they could have terminated his services without incurring further liability to him. He pointed out, in fact, that both Lohden and Beneke did terminate his services while work remained to be done. I do not agree with the

13

majority's conclusion that there was substantial evidence to support the hearing officer's finding that these four respondents did not have an absolute right to fire Potter. Lohden did not appear, and therefore, never answered the questions. Beneke, when asked, did not respond directly to the question. However, both Kopfman and Bruton testified unequivocally that they could have discharged Potter at any time without incurring liability and that he could have quit at any time without incurring liability. In *Solheim*, we pointed out that:

> *Larson* states at Section 44.35 pp. 8-116 - 8-122.
>
> "The power to fire . . . is the power to control. The absolute right to terminate the relationship without liability is not consistent with the concept of independent contract, under which the contractor should have the legal right to complete the project contracted for and to treat any attempt to prevent completion as a breach of contract." . . .
>
> "Examples could be multiplied in which most of the other indicia - method of payment, furnishing of equipment, skilled nature of the work, sometimes provision by the employee even of his own assistants and insurance, and not infrequently contractual disavowals of right of control and of employment relation - have pointed toward independent contractorship; yet the one element of right to fire, with its attendant implied right to control, has carried the day for employment relationship.

*Solheim*, 677 P.2d at 1039.

According to my reading of the record in this case, there was no evidence to support the hearing officer's findings that three of the four factors considered in determining whether the respondents exercised control were not present. Based on my review of the record, the undisputed evidence establishes that three of the four

14

factors were present. Therefore, as a matter of law, it must necessarily be concluded that at the times in question Potter was an employee of these four respondents. As we have previously held:

> In *Sharp v. Hoerner Waldorf Corp.* (1978), 178 Mont. 419, 584 P.2d 1298, this Court developed a four-part test for determining whether or not an employer has the right of control: (1) direct evidence of right or exercise of control; (2) method of payment; (3) furnishing of equipment; and (4) right to fire. *Sharp*, 178 Mont. at 425, 584 P.2d at 1301-02. A finding that an individual is an independent contractor demands "'a convincing accumulation of these and other tests,'" while a finding of employee status "'can if necessary often be solidly proved on the strength of one of the four items.'" *Sharp*, 178 Mont. at 425, 584 P.2d at 1302 (quoting 1C A. Larson, *Workmen's Compensation Law* § 44.10 at 8-35 (1952)).

*Walling v. Hardy Construction* (1991), 247 Mont. 441, 447, 807 P.2d 1335, 1338-39.

Since, by the undisputed evidence there was not a significant accumulation of these factors to support a finding of independent contract status, I conclude that the petitioner, Dave Potter, was an employee of the four respondents previously mentioned, and that the judgment of the District Court in their favor should be reversed.

I would affirm the District Court's conclusion that as to Mort Arkava, Potter was an independent contractor.

_____
Justice