No. 99-383

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 27

298 Mont. 187

993 P. 2d 713

WHEELSMITH FABRICATION, INC.,

Plaintiff and Appellant,

v.

MONTANA DEPARTMENT OF LABOR

AND INDUSTRY, and JUDY HALL,

Defendants and Respondents.

APPEAL FROM: District Court of the Sixth Judicial District,

In and for the County of Sweet Grass,

The Honorable Wm. Nels Swandal, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Lance Lovell, Patrick Dringman, Josephson, Lovell & Dringman;

Big Timber, Montana

For Respondents:

Robert J. Campbell, Department of Labor and Industry;

Helena, Montana

Stephen C. Pohl, Attorney at Law; Bozeman, Montana

_____

Submitted on Briefs: December 9, 1999

Decided: February 1, 2000

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

¶1.The Petitioner, Wheelsmith Fabrication, Inc., petitioned the District Court for the Sixth Judicial District in Sweet Grass County for judicial review of the Department of Labor and Industry's award of unemployment insurance benefits to Judy Hall. Hall moved for summary judgment, which the District Court granted. Wheelsmith appeals from the District Court's summary judgment. We affirm the judgment of the District Court.

¶2.The issues presented for review are:

¶3. Did the District Court err when it concluded that Wheelsmith's due process rights were not violated when the hearing referee allowed Hall to testify in person?

¶4.. Did the doctrine of judicial estoppel preclude Hall from testifying at the hearing that Wheelsmith did not give her a reason for her discharge?

¶5. Did the District Court err when it concluded that Wheelsmith's due process rights were not violated by Hall's notice of hearing?

## FACTUAL BACKGROUND

¶6.Judy Hall was the chief financial officer at Wheelsmith Fabrication, Inc. On April 3,

1997, Wheelsmith's chief executive officer Ron McAdams discharged Hall. The following day, Hall submitted a claim for benefits to the Department of Labor and Industry, Unemployment Insurance Division (UID).

¶7.On May 30, 1997, the UID denied Hall's claim. Hall then requested a redetermination, following which, benefits were awarded.

¶8.On October 6, 1997, after an appeal by Wheelsmith, an appeals referee held an extensive hearing, which produced a 278-page transcript. Hall, who was represented by counsel, testified at the hearing in person and presented one live witness. Wheelsmith was represented by its lawyer and participated in the hearing by telephone. On November 26, 1997, the appeals referee issued his decision in favor of Hall. The referee stated the following reasons for his decision:

The record shows that the employer discharged the claimant without explanation. The employer now contends that claimant was insubordinate and unreasonable.

The claimant's version of the events leading to her discharge are more credible than those of the employer. The facts reveal that the employer decided to discharge the claimant during a discussion two weeks earlier, when the claimant told him she was offended by certain comments and behavior which she believed he had witnessed.

On the day he discharged the claimant, the company president was angry and did not directly explain why. By itself, the fact that the employer was angry does not show that the claimant engaged in misconduct.

The employer has not shown that the claimant was discharged for a willful or wanton disregard of the employer's interest. Therefore, the claimant was discharged for reasons other than misconduct.

¶9.Wheelsmith appealed to the Board of Labor Appeals based on its contentions that the hearing referee failed to assure fundamental fairness to Wheelsmith, ignored substantial credible evidence in adopting the claimant's story verbatim, and exceeded the factual issue before him. The Board held a telephonic hearing at which both Wheelsmith and Hall were represented by counsel. The Board affirmed the decision of the appeals referee. The Board stated the following:

All three members of the Board reviewed the entire record including the nine hours of audio tapes of the Referee Hearing held on October 6, 1997. . . . .

[A]fter careful and due consideration and finding no error in procedure, fact or law at the previous hearing, the Board does hereby adopt as its own, the Findings of Fact and Decision made by the Appeals Referee . . . .

¶10.Wheelsmith appealed the Board's decision to the District Court where Hall moved for summary judgment. In its order granting summary judgment the District Court stated:

This Court has carefully reviewed the entire record of the Unemployment Insurance Division and the Board of Labor Appeals and finds that substantial evidence exists to support the Board's findings and conclusion, that there was no fraud perpetrated upon the Board or the plaintiff and the board's findings are deemed conclusive. . . . .

[A]ll parties were granted an opportunity to be heard, to get their testimony before the board and its relevancy.

Wheelsmith then appealed to this Court.

## STANDARD OF REVIEW

¶11.A district court's review of a decision by the Board of Labor Appeals is not governed by the Montana Administrative Procedure Act. *Schneeman v. Department of Labor & Indus.* (1993), 257 Mont. 254, 257, 848 P.2d 504, 506 (*citing City of Billings v. Board of Labor Appeals* (1983), 204 Mont. 38, 663 P.2d 1167). The correct standard of review in the instant case is set forth at § 39-51-2410(5) and (6), MCA, which provide:

(5) In any judicial proceeding under 39-51-2406 through 39-51-2410, the findings of the board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive and the jurisdiction of said court shall be confined to questions of law. . . .

(6) An appeal may be taken from the decision of the district court to the supreme court of Montana in the same manner, but not inconsistent with the provisions of this chapter, as is provided in civil cases. Moreover, in *Potter v. Montana Department of Labor and Industry* (1993), 258 Mont. 476, 853 P.2d 1207, we stated:

[T]he District Court must limit its review of the Board's findings to a consideration of

whether they are supported by substantial evidence, and the same standard applies to this Court. With regard to questions of law, however, our task is to determine whether the agency's interpretation of the law is correct.

*Potter*, 258 Mont. at 479, 853 P.2d at 1209 (citations omitted).

## ISSUE 1

¶12.Did the District Court err when it concluded that Wheelsmith's due process rights were not violated when the hearing referee allowed Hall to testify in person?

¶13.Wheelsmith contends that its right to due process was violated when the hearing referee permitted Judy Hall to testify in person and present a live witness. Wheelsmith, however, failed to raise this issue at the unemployment insurance hearing.

¶14."It is axiomatic that an appellate court will generally not review any issue not raised in the court below." 5 Am. Jur. 2d *Appellate Review* § 690, at 360 (1995); see also *Akhtar v. Van de Wetering* (1982), 197 Mont. 205, 209, 642 P.2d 149, 152. The rule applies to both substantive and procedural matters. *Day v. Payne* (1996), 280 Mont. 273, 276-77, 929 P.2d 864, 866. It is based on the principle that it is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. *Day*, 280 Mont. at 277-78, 929 P.2d at 866.

¶15.The principle that we will not consider issues which were not raised in the forum which is alleged to have erred applies in the context of unemployment insurance hearings as well. *See Schneeman*, 257 Mont. at 259, 848 P.2d at 507.

¶16.In this case, Wheelsmith did not raise the issue at the hearing when Hall appeared in person. The hearing referee stated: "Ms. Hall is present with me along with her counselor . . . . They've traveled to Helena today to participate at the hearing in person. Mr. Jim Hall is also present. Okay." Wheelsmith's attorney did not object; rather, he responded: "[v]ery good." The hearing referee had no opportunity to rule on the issue because Wheelsmith did not raise it. Because Wheelsmith failed to make a timely objection, we decline to consider whether Wheelsmith's due process rights were violated when the hearing referee allowed Hall to testify in person and present a live witness.

## ISSUE 2

¶17.Did the doctrine of judicial estoppel preclude Hall from testifying at the hearing that Wheelsmith did not give her a reason for her discharge?

¶18.Wheelsmith contends that the doctrine of judicial estoppel precluded Hall from testifying that she was not given a reason when Wheelsmith discharged her because she stated in her discharge statement that she was discharged for illness. However, Wheelsmith also failed to raise this issue at the unemployment insurance hearing; and, as with the previous issue, we decline to consider arguments based on the doctrine of judicial estoppel that are raised for the first time on appeal. *In re Estate of Hill* (1997), 281 Mont. 142, 151, 931 P.2d 1320, 1326.

## ISSUE 3

¶19.Did the District Court err when it concluded that Wheelsmith's due process rights were not violated by Hall's notice of hearing?

¶20.In the context of unemployment insurance, we employ the traditional due process balancing test set forth in *Mathews v. Eldridge* (1976), 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18. *See Bean v. Montana Bd. of Labor Appeals*, 1998 MT 222, ¶ 36, 290 Mont. 496, ¶ 36, 965 P.2d 256, ¶ 36. In *Bean* we said:

The United States Supreme Court explained in Mathews that "[d]ue process is flexible and calls for such procedural protections as the particular situation demands." *Mathews*, 424 U.S. at 334, 96 S.Ct. at 902, 47 L.Ed.2d 18. Therefore, to determine what specific procedures are required to satisfy due process, three factors must be considered: 1) the individual's private interest affected by official government action; 2) the risk of erroneous deprivation of the interest; and 3) the government's interest in maintaining fiscal and administrative objectives. *Mathews*, 424 U.S. at 334-35, 96 S.Ct. at 903, 47 L.Ed.2d 18.

*Bean, ¶ 36.*

¶21.Assuming for the purpose of argument that Wheelsmith had an interest pursuant to the first factor, Wheelsmith has failed to show the second factor of the *Mathews* test. Wheelsmith contends that because Hall failed to provided adequate notice of her factual claims, it was denied due process of law. Wheelsmith argues that it was not notified that Hall would allege at the hearing that she had been notified two weeks prior to April 3, 1997, that the company had made the decision to terminate her.

¶22.The rules of civil procedure do not apply to unemployment insurance hearings. Rule 24.11.201(3), A.R.M. Unemployment insurance proceedings are governed by administrative rule. *See* § 39-51-302, MCA. A notice of hearing must contain a "a short and plain statement of the matters asserted." Section 2-4-601, MCA; Rule 24.11.317(4), A.R.M.

¶23.In this case, notice of appeal was sent to Wheelsmith's attorney on September 19, 1997. The notice stated that the purpose of the hearing was "[t]o determine if the claimant [Hall] was discharged for misconduct connected with [her] work or directly affecting [her] employment." This is a short and plain statement, and it clearly gave Wheelsmith notice of the contested issue. Furthermore, Wheelsmith cross-examined Hall at the hearing. Wheelsmith was at no risk of being erroneously deprived of its interest. Therefore, we hold that the District Court did not err when it concluded that Wheelsmith's due process rights were not violated by Hall's notice of hearing.

¶24.We affirm the judgement of the District Court.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.