ORIGINAL

FILED

01/22/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0480

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 24-0480

AUSTIN LAKE,

Petitioner and Appellant,

v.

MONTANA DEPARTMENT OF LABOR
AND INDUSTRY,

Respondent and Appellee.

ORDER

FILED

JAN 2 2 2025

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Through counsel, the Montana Department of Labor and Industry (the Department) moves to strike three sets of documents filed by self-represented Austin Lake (Lake) in his appeal of an Order on Petition for Judicial Review, issued in the Twentieth Judicial District Court, Sanders County. Lake objects to the Department's motion.

The Department moves to strike: (1) Lake's November 4, 2024 "Existence of Constitutional Issue" and attachments; (2) the entire Notice of Issues that Lake filed on November 27, 2024; and (3) all exhibits attached to Lake's Reply Brief. The Department points to the definition of a record for review under M. R. App. P. 8(1) and argues that a court on judicial review of a determination by the Unemployment Insurance Appeals Board (Board) may not consider new evidence outside the record. The documents Lake has submitted on appeal were not part of the District Court's judicial review. The Department explains that the Notice of Issues and the exhibits to the Reply Brief concern unrelated civil court cases and alleged facts that are not at issue in this appeal.

Lake urges the Court to deny the Department's request to strike his documents "from the record on these facts." He states that the "Notice of Issues and all exhibits

attached to Lake's Reply Brief has been presented and docketed in the District Court . . . ." He further states that he has appealed his other three cases.[1]

On judicial review of an unemployment determination by the Board, the reviewing court "must limit its review of the Board's findings to a consideration of whether they are supported by substantial evidence, and the same standard applies to this Court." *Wheelsmith Fabrication, Inc. v. Montana Dep't of Labor and Indus.*, 2000 MT 27, ¶ 8, 298 Mont. 187, 993 P.2d 713. The Court does not consider issues that were not raised before the Board. *Wheelsmith Fabrication, Inc.*, ¶¶ 11-13. *See also* § 39-51-2410(5), MCA, ("[T]he findings of the [B]oard as to the facts, if supported by evidence and in the absence of fraud, are conclusive and the jurisdiction of the court is confined to questions of law.").

Upon review of the parties' submissions, we conclude that Lake's other documents and exhibits are not part of the record for review and may not be considered in this appeal.

IT IS THEREFORE ORDERED that the Department's Motion to Strike is GRANTED. The Clerk of this Court is directed to REMOVE the November 4, 2024 Existence of Constitutional Issue and attachments; the November 27, 2024 Notice of Issues; and the Exhibits attached to Lake's December 18, 2024 Reply Brief.

The Clerk is directed to provide a copy of this Order to counsel of record and to Austin Lake personally.

DATED this ᴄ̲ᴄ̲ day of January, 2025.

_____
Chief Justice

_____

---

[1] The instant appeal is Lake's only appeal pending before this Court. Lake appealed last year a separate Sanders County District Court ruling in Cause No. DV-2023-77. This Court issued a memorandum opinion, affirming the District Court's denial of his petition for judicial review of a Board decision disqualifying Lake for unemployment insurance benefits. *Lake v. Dep't of Labor and Indus. et al.*, No. DA 24-0136, 2024 MT 197N, 2024 Mont. LEXIS 940 (Aug. 27, 2024).

_____

_____

_____
Justices