FILED

May 19 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0505

DA 14-0505

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 131

CATHERINE E.W. HANSEN TRUST,

      Plaintiff and Appellant,

    v.

MICHAEL WARD; THEODORA TARBET,
TIMSHEL TARBET, TARBET SCHRIER LLC,
DALE TARBET, ESTATE OF DALE TARBET
and all persons known or unknown, claiming or
who might claim any right, title, estate, or interest
in or lien or encumbrance upon the real property
described in the complaint adverse to plaintiff's
title thereto, whether such claim or possible
claim be present or contingent,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Third Judicial District,
                  In and For the County of Anaconda-Deer Lodge, Cause No. DV-13-21
                  Honorable Ray Dayton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jeffrey Wade Dahood, Knight & Dahood, Anaconda, Montana

      For Appellees Theodora Tarbet, Timshel Tarbet and Tarbet Schrier, LLC:

          Kevin S. Jones, Joseph D. Houston, Christian, Samson & Jones, PLLC,
          Missoula, Montana

      For Appellee Michael Ward:

          William M. Kebe, Jr., Marie Kagie-Shutey, Corette, Black, Carlson
          & Mickelson, Butte, Montana

Submitted on Briefs: March 25, 2015
Decided: May 19, 2015

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1　Catherine E.W. Hansen Trust appeals from the judgment of the Third Judicial District, Anaconda-Deer Lodge County, granting summary judgment in favor of Theodora Tarbet, Timshel Tarbet, and Tarbet Schrier, LLC.  Hansen Trust also appeals from the District Court's order directing payment of the tax lien and entry of final judgment, as well as the order denying Hansen Trust's post-judgment motions.

¶2　We affirm.

## ISSUES

¶3　*Issue One:  Whether the District Court erred when it entered summary judgment and declared the tax deed void.*

¶4　*Issue Two:  Whether the District Court erred when it directed payment of Hansen Trust's tax lien.*

¶5　*Issue Three:  Whether the District Court erred when it denied Hansen Trust's post-judgment motions.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶6　In March 2007, Dale Tarbet sold two lots located in Anaconda, Montana, to Michael Ward.  Ward executed a promissory note in favor of Dale Tarbet and secured the transaction using a Montana Trust Indenture.  Under the Trust Indenture, Ward was the designated owner and taxpayer, Tarbet was the beneficiary, and Montana Abstract and Title Company served as the trustee of the property.  The Trust Indenture was recorded on April 17, 2007.  An addendum to the Trust Indenture substituted Tarbet Schrier, LLC, for Dale Tarbet as beneficiary in the Trust Indenture.  Appellees Theodora Tarbet and Timshel Tarbet are members of Tarbet Schrier, LLC (collectively "Tarbets").

3

¶7	Michael Ward failed to pay property taxes in 2008, 2009, and 2010. Anaconda-Deer Lodge County placed a tax lien on the property for the delinquent taxes. On September 14, 2011, the Anaconda-Deer Lodge County Treasurer assigned the tax lien to the Catherine E.W. Hansen Trust ("Hansen Trust"). Over a year later, on November 30, 2012, the County Treasurer issued a tax deed to Hansen Trust on the property, which was recorded the same day.

¶8	In February 2013, Hansen Trust filed a complaint to quiet title to the tax deed. Tarbets answered and asserted that the Trust had failed to provide the notice required under Montana law.

¶9	In June 2013, Tarbets filed a motion for summary judgment. They argued that the tax deed was void due to Hansen Trust's failure to provide written notice of the issuance of the tax deed to the trustee, Montana Abstract and Title Company. The District Court denied the motion, concluding that there was uncertainty regarding a material fact of whether a title guarantee existed for the property and whether it listed Montana Title and Abstract Company.

¶10	On August 21, 2013, Hansen Trust filed a motion requesting that Tarbets deposit money with the District Court pursuant to § 15-18-411, MCA. Hansen Trust sought a deposit of $20,859.24 to cover taxes, interest, and penalties, as well as the cost of publication, the court filing fee, property insurance, trust administrative expenses, and attorney fees. The District Court partially granted the motion, holding that Hansen Trust was entitled to the money necessary to cover taxes, interest, penalties, and costs, but not filing fees, publication, property insurance, trust administrative expenses, or attorney

4

fees. The District Court ordered Tarbets to deposit $6,783.91 with the court and set a show cause hearing. Tarbets agreed to deposit the amount and moved to vacate the show cause hearing. Hansen did not oppose the motion to vacate.

¶11 In November 2013, Hansen Trust filed a motion for summary judgment. Tarbets filed a cross-motion for summary judgment, requesting that the District Court declare the tax deed void. At this point in the case, discovery established that Hansen Trust had not obtained a property title guarantee for the two lots. It was also undisputed that Hansen Trust did not notify Montana Abstract and Title Company of the tax lien. After a hearing on the motions, the District Court granted Tarbets' cross-motion for summary judgment. The District Court concluded that the purchaser of a tax lien must obtain a property title guarantee and provide notice to all parties, except utilities, listed in the title guarantee. The Court found that Hansen Trust had not obtained the required property title guarantee and declared the tax deed void as a matter of law.

¶12 After the District Court granted Tarbets' summary judgment, the only remaining issue was the redemption amount of Hansen Trust's tax lien. On April 21, 2014, Tarbets filed a motion for an order directing payment of the tax lien and entry of final judgment. In their motion, Tarbets requested that Hansen Trust receive the $6,783.91 deposited with the court along with the accrued interest on the deposit, plus any additional taxes paid by Hansen Trust since the deposit. The District Court granted the motion and Tarbets mailed Hansen Trust a check for $1,942.63, representing $465.43 in accrued interest on the deposit and $1,477.20 in additional taxes. The accrued interest was calculated from the date of the deposit, October 21, 2013. In total, Hansen Trust received $8,726.54. On

5

June 27, 2014, the District Court entered a final judgment declaring Hansen Trust's tax deed void, establishing the amount for redemption of the tax lien, and directing that a certificate of redemption be recorded upon Hansen Trust's receipt of the redemption amount.

¶13 After the District Court entered a final judgment, Hansen Trust filed three post-judgment motions.[1] In a September 2014 order, the District Court denied the first two motions, concluding the motions constituted "efforts to submit information, theories, or arguments that were not, but could have been, offered during the pendency of the motion on which the District Court had previously ruled."

¶14 After the District Court denied those motions, Hansen Trust filed a notice of appeal. Hansen Trust thereafter submitted the third post-judgment motion, arguing that the District Court could resume jurisdiction pursuant to M. R. Civ. P. 62.1(a)(3) for the purpose of considering Hansen Trust's constitutional challenge to § 15-18-212, MCA. The District Court again denied the motion and "declined to substantively address Plaintiff's constitutional arguments raised for the first time post judgment."

## STANDARD OF REVIEW

¶15 We review a grant of summary judgment de novo. *Lorang v. Fortis Ins. Co.*, 2008 MT 252, ¶ 36, 345 Mont. 12, 192 P.3d 186 (citations omitted). "Where there is a

---

[1] (1) Plaintiff's Motion Objecting to the Court's June 9, 2014 Memorandum and Order and its Final Judgment Order for Failing to Comply with Rule 54(c), a Motion for the Correction of Error Pursuant to Rule 60(a), and a Motion for Amended or Additional Findings as Authorized by Rule 52(b) of the Montana Rules of Civil Procedure; (2) Plaintiff's Motion Pursuant to Rule 59 of the Montana Rules of Civil Procedure to Alter or Amend Judgment or For a New Trial; (3) Plaintiff's Motion for Relief Pursuant to Rule 60(b)(4) and Rule 62.1(a)(3).

cross-motion for summary judgment, we review a district court's decision to determine whether its conclusions were correct." *Baxter v. State*, 2009 MT 449, ¶ 8, 354 Mont. 234, 224 P.3d 1211 (citations omitted). Summary judgment is proper when the record shows no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Lorang,* ¶ 37; M. R. Civ. P. 56(c).

¶16 The moving party must first establish the "complete absence of genuine issues of material fact." *Lorang,* ¶ 37 (citations omitted). When making this assessment, we view the evidence in the light most favorable to the non-moving party. *Lorang,* ¶ 38 (citations omitted). If the moving party satisfies its burden, the non-moving party must "set forth specific facts, not merely denials, speculation, or conclusory statements, in order to establish that a genuine issue of material facts does indeed exist." *Lorang,* ¶ 39; M. R. Civ. P. 56(e). Ultimately, if no issue of material fact exists, the Court must decide whether the facts entitle the moving party to judgment as a matter of law. *Lorang,* ¶ 39; M. R. Civ. P. 56(c).

¶17 This Court reviews a district court's legal conclusion for correctness. *Certain v. Tonn*, 2009 MT 330, ¶ 9, 353 Mont. 21, 220 P.3d 384.

**DISCUSSION**

¶18 At the outset, we must address Hansen Trust's attempt to argue issues raised for the first time after entry of judgment. Hansen Trust argues on appeal, and in its post-judgment motions before the District Court, that the 2009 amendment to § 15-18-212, MCA, is unconstitutional. This issue was raised for the first time in a post-judgment motion.

¶19 Generally, this Court will not address an issue raised for the first time on appeal. *Day v. Payne*, 280 Mont. 273, 276, 929 P.2d 864, 866 (1996) (citations omitted). This rule "applies to both substantive and procedural matters, as well as to a change in a party's theory of the case." *Day,* 280 Mont. at 276, 929 P.2d at 866 (citations omitted). The Court has consistently held that it is unfair to fault the trial court for an error when it was never given the opportunity to consider the issue, nor is it fair to permit a party to "remain silent in the trial court . . . and subsequently assert error on appeal if the outcome in the trial court is unfavorable." *Day*, 280 Mont. at 277, 929 P.2d at 866 (citations omitted); *Dayberry v. City of E. Helena,* 2003 MT 321, ¶ 24, 318 Mont. 301, 80 P.3d 1218 (citations omitted). An exception to this general rule exists where "an alleged error affects the substantial rights of a litigant." *Day,* 280 Mont. at 277, 929 P.2d at 866 (citations omitted). However, "the Court's decision to review the alleged error is discretionary and the Court is not sympathetic to a broad definition of substantial rights." *Day,* 280 Mont. at 277, 929 P.2d at 866 (citations omitted).

¶20 Hansen Trust did not raise the issue of the constitutionality of § 15-18-212, MCA, until after the District Court entered final judgment. Hansen Trust argues to this Court that it raised the issue in its summary judgment briefs; however, a review of the record shows otherwise. Hansen Trust only articulated the challenge to the statute after the District Court entered its final judgment. The post-judgment motion constitutes an effort to argue a new legal theory not raised before the trial court.

¶21 We therefore decline to review this issue on appeal.

8

¶22    *Issue One: Whether the District Court erred when it entered summary judgment and declared the tax deed void.*

¶23    The District Court granted summary judgment to Tarbets after considering the question of whether § 15-18-212, MCA, imposed a mandatory obligation to obtain a property title guarantee. The District Court concluded that § 15-18-212, MCA, does mandate that the purchaser obtain a property title guarantee and notify the listed parties. Otherwise, the District Court reasoned, the purchaser of the tax deed could avoid giving notice to interested parties by deciding not to obtain a property title guarantee. The District Court found additional support for its conclusion in the 2009 amendment to the statute, entitled: "An Act Requiring That Before A Tax Deed Sale May Be Held A Title Guarantee Must Be Obtained On The Property and Notice Must Be Given To All Parties, Other Than Utilities, Listed On The Title Guarantee." 2009 Mont. Laws ch. 411.

¶24    Hansen Trust argues that the District Court erred by failing to recognize the "disputed issues as Constitutionally pertinent and being a priority issue needing further discovery." Additionally, Hansen Trust maintains that Tarbets failed to show an absence of genuine issues of material fact. Tarbets maintain that the District Court correctly granted summary judgment in their favor. They assert that Hansen Trust failed to comply with the statutory requirement to obtain a property title guarantee and did not provide notice to Montana Abstract & Title Company. Without notice, the interested parties were unable to exercise their redemption rights and the tax deed is void.

¶25    The District Court did not err when it granted summary judgment in favor of Tarbets. When interpreting a statute, the primary "consideration must be defining the

9

objectives the legislature sought to achieve." *Cenex, Inc. v. Bd. of Comm'rs*, 283 Mont. 330, 335, 941 P.2d 964, 966 (1997) (citations omitted). The legislative intention is ascertained from the plain language of the statute. *Cenex, Inc.,* 283 Mont. at 335, 941 P.2d at 967 (citations omitted). "If the intent of the legislature can be determined from the plain meaning of the words used in the statute, the plain meaning is controlling and the Court need not go further." *Cenex, Inc.,* 283 Mont. at 335, 941 P.2d at 967 (citations omitted). Moreover, "[s]tatutory construction should not lead to absurd results if a reasonable construction will avoid it." *Gaub v. Milbank Ins. Co.*, 220 Mont. 424, 428, 715 P.2d 443, 445 (1986) (citations omitted).

¶26 Tax deed proceedings implicate a property owner's fundamental interests. *Mont. Earth Res. P'ship v. N. Blaine Estates*, 1998 MT 254, ¶ 22, 291 Mont. 216, 967 P.2d 376. "The purpose behind the tax lien sales statutes is to protect property owners and their rights to due process." *Zinvest, LLC v. Hudgins*, 2014 MT 201, ¶ 20, 376 Mont. 72, 330 P.3d 1135. Due to the important interests at stake, "every essential and material step required by the tax deed statutes must be strictly followed." *Moran v. Robbin,* 261 Mont. 478, 482, 863 P.2d 395, 398 (1993) (citations omitted). Such exacting compliance with the statutes is necessary "because the owner risks losing his or her real property for the failure to pay the property taxes. Often, very valuable property is lost for a mere pittance." *Moran,* 261 Mont. at 482-83, 863 P.3d at 398.

¶27    Pursuant to § 15-18-111, MCA, a property owner or interested party may redeem the tax lien on his or her property.[2]  Before a property owner may redeem the tax lien, he or she must know of its existence; therefore, notice is of utmost importance in these proceedings.  This Court "long has recognized that redemption generally is a vested property right . . . of which the owner cannot be legally deprived except and only . . . by the giving of notice."  *Tax Lien Servs. v. Hall*, 277 Mont. 126, 131, 919 P.2d 396, 399 (1996) (citations omitted).  The failure to provide adequate notice in compliance with the statute renders a tax deed void.  *Montana Earth Res. P'ship.,* ¶ 22; *Moran*, 261 Mont. at 483, 863 P.2d at 398.

¶28    In 2009, the Montana Legislature amended § 15-18-212, MCA.  The Legislature deleted the words "interested party" and inserted "each party, other than a utility, listed on a property title guarantee."  Section 15-18-212(4)(a), MCA.  The amendment clearly defines which parties are entitled to notice.

¶29    Section 15-18-212(1)(b), MCA, requires that a purchaser, other than the county, "shall notify the parties as required in subsection (4), if any, that a tax deed will be issued to the purchaser . . . unless the property tax lien is redeemed."  The statute further states,

>      (4) (a) The notice required under subsections (1) and (2) *must be made by certified mail*, return receipt requested, to the current occupant, if any, of the property *and to each party, other than a utility, listed on a property title guarantee*, provided that:

---

[2] Section 15-18-111(1), MCA, provides:  Redemption of a property tax lien acquired at a tax lien sale or otherwise may be made by the owner, the holder of an unrecorded or improperly recorded interest, the occupant of the property, or any interested party within 36 months from the date of the first day of the tax lien sale or within 60 days following the giving of the notice required in 15-18-212, whichever is later.

(i) the guarantee has been approved by the insurance commissioner and issued by a licensed title insurance producer; and

(ii) the guarantee was ordered on the property by the person required to give notice.

Section 15-18-212(4), MCA (emphasis added).

¶30 Under the plain language of the statute, the purchaser must notify all parties listed on the property title guarantee, excluding utilities, of the possibility that a tax deed will be issued unless the tax lien is redeemed. Section 15-18-212(1)(b), 4(a), MCA. Although "property title guarantee" is not defined, the notice requirement is mandatory. Section 15-18-212(1)(b), MCA. Moreover, the statute clearly dictates the manner in which the notice must be made (certified mail), as well as the method for determining the parties who are due notice (a property title guarantee). Section 15-18-212(4)(a), MCA; *Certain*, ¶ 17. Notice is a necessary aspect of due process, essential to the redemption rights of the interested parties. The plain language of the statute does not make the title guarantee optional, rather it mandates that the notice must be made to "each party . . . listed on a property title guarantee."

¶31 The District Court correctly granted summary judgment after determining that Hansen Trust failed to provide adequate notice or obtain a property title guarantee. It is undisputed that Hansen Trust did not obtain the mandatory property title guarantee. Failure to comply with this mandatory obligation renders the tax deed void.

¶32 *Issue Two: Whether the District Court erred when it directed payment of Hansen Trust's tax lien.*

¶33 After the District Court granted summary judgment and declared the tax deed void, Tarbets moved the District Court for an order directing payment of the tax lien and

entry of a final judgment. Hansen Trust objected to Tarbets' proposed redemption amount, arguing that the redemption amount differs from the bond deposit amount. Hansen Trust argued it was entitled to an award of "all of the assorted and collateral costs and expenses" associated with collection, administration, and litigation including attorney fees and trust administration costs.

¶34 The District Court rejected Hansen Trust's request for additional costs and concluded that Hansen Trust was entitled to a payment of $6,783.91 under § 15-18-412(3), MCA. Additionally, the court determined that pursuant to § 15-18-412(6), MCA, Tarbets must also pay the accrued interest on the deposit from the date of the deposit order (October 21, 2013), as well as any additional taxes paid by Hansen Trust since the deposit was made. Tarbets agreed to pay Hansen Trust $465.43 in accrued interest, plus $1,477.20 in additional taxes on the property. In total, Hansen Trust received $8,726.54 for redemption of the lien.

¶35 On appeal, Hansen Trust makes three arguments regarding the tax lien redemption. First, Hansen Trust maintains that the District Court exceeded its statutory authority when it entered the final judgment. Hansen Trust asserts that the court ruled in contravention of the statute and rendered a "likely unconstitutional interpretation of that statute [referring to § 15-18-412(7), MCA]."

¶36 Second, Hansen Trust argues that the District Court erroneously conflated the final redemption amount and the bond deposit amount. Hansen Trust asserts that the two amounts are governed by different statutes, §§ 15-18-411(1)(c)(i)(A), (B) and -413(2)(b), MCA, and that only the latter can provide relief. Hansen Trust argues that the bond

deposit amount is insufficient to satisfy the final redemption amount, as it functions as a "down payment" or interim redemption amount calculated early in the proceeding. As such, Hansen Trust maintains that the costs ordered in the October 2013 deposit order are irrelevant when considering the final redemption amount.

¶37 Lastly, Hansen Trust argues that the District Court took an overly simplistic interpretation of "costs." Hansen Trust points to the definition of costs in § 15-17-121(2)(a)-(c), MCA. On appeal, Hansen Trust takes particular issue with the exclusion of the insurance costs in the deposit amount, and by implication, the final payment on the tax lien. It asserts that property insurance should be covered, as someone must "take steps to insure and thus preserve the integrity of the property."

### a. The District Court's Authority

¶38 The District Court did not exceed its authority when it declared the tax deed void and entered a final judgment for the redemption of the lien. Pursuant to § 15-18-412(7), MCA, a district court, ruling in a quiet title action, "has complete jurisdiction to fix the amount of taxes that should have been paid, including penalties, interest, and costs, and to determine all questions necessary in granting full relief." Here, the District Court acted within the bounds of § 15-18-412(7), MCA, and did not exceed its authority.

14

### b. Redemption Amount

¶39 In an action to set aside a tax deed, the District Court may order the property owner[3] to deposit with the court money for the purchaser. Section 15-18-411, MCA. The deposit should equal "all taxes, interest, penalties, and costs that would have accrued if the property had been regularly and legally assessed and taxed as the property of the true owner and was about to be redeemed by the true owner." Section 15-18-411(1)(c)(i)(A), MCA. The District Court ordered Tarbets to make the deposit and correctly applied subsection (A). Tarbets complied with this order and deposited $6,783.91 with the Court.

¶40 Section 15-18-412, MCA, provides if "the true owner is successful in the action and the tax proceedings are declared void, the amount deposited with the court must be paid to the purchaser." Section 15-18-412(3), MCA. Additionally, in the final judgment, the court must determine the "rights resulting from any additional taxes on the property accruing or being paid by either party during the pendency of the suit." Section 15-18-412(6), MCA.

¶41 Here, Tarbets succeeded in their efforts to have the tax deed declared void. In accordance with the statute, the District Court held that Hansen Trust was entitled to the deposit plus interest. Section 15-18-412(3), MCA. Additionally, the District Court

---

[3] This section refers to the true owner of the property as the person claiming to "own the property; have any interest in or lien upon the property; have a right to redeem the property; or have rights hostile to the tax title." Section 15-18-411(1)(a)(iv), (b), MCA. Here, Tarbets are the owners with a right to redeem the property due to their status in the Montana Trust Indenture.

correctly ordered Tarbets to pay the additional taxes paid by Hansen Trust since the date of the deposit. Section 15-18-412(6), MCA.

¶42 Section 15-18-413, MCA, further describes a grantee's rights should the deed be attacked and held irregular or void. Pursuant to § 15-18-413(2)(b), MCA, if the tax deed is declared void, the conveyance[4] must include the right "to recover the unpaid taxes, interest, penalties, and costs that would accrue if the tax proceeding had been regular and it was desired to redeem the property." Costs are not defined specifically in Chapter 18, however Chapter 17, entitled "Tax Lien Sales," contains a general definition, § 15-17-121, MCA. Costs in the context of a tax lien proceeding include "costs that are required by law and incurred by the purchaser of a property tax lien other than the county." Section 15-17-121(2)(b), MCA.

¶43 Hansen Trust argues that the definition of costs in § 15-17-121(2)(b), MCA, applies and asserts that it is entitled to additional costs under this statute including property insurance, trust expenses, and attorney fees. While we agree that additional expenditures, such as property insurance could be considered reasonable, none of Hansen Trust's requested costs are required by law. Therefore, the District Court was not incorrect when it concluded that the additional requested costs would not be awarded to Hansen Trust.

¶44 The District Court did not err when it determined the redemption amount for the property. The District Court properly ordered Tarbets to deposit with the Court an amount reflecting the taxes, interest, penalties, and costs that would have accrued under

---

[4] Referring to the new deed.

16

normal circumstances. When the tax deed was declared void, the District Court correctly provided Hansen Trust with the deposit, plus interest and any additional taxes paid on the property. Finally, the District Court had the discretion to deny the additional costs as these are costs not required by state law.

¶45  *Issue Three: Whether the District Court erred when it denied Hansen Trust's post-judgment motions.*

¶46  Hansen Trust filed numerous motions after the District Court entered its final judgment. The motions presented various arguments under multiple rules of civil procedure. The District Court denied all post-judgment motions. The only post-judgment motion properly preserved for appellate review is Hansen Trust's first motion, made pursuant to M. R. Civ. P. 60(a) and 54(c).

¶47  The District Court did not err when it denied Hansen Trust's Rule 60(a) motion to correct the date for calculating the interest due on the deposit. The District Court ordered that interest should accrue at "the statutory rate of 5/6th of 1% per month from and after October 21, 2013." That date accurately represents the day that the District Court ordered Tarbets to deposit the money with the District Court. The District Court did not err in calculating interest from the date of its order.

¶48  In that motion, Hansen Trust also argued that the court failed to grant the relief to which the Trust was entitled under §§ 15-18-413 and 15-17-121, MCA. It asserted, once again, that the court erred by conflating the bond deposit amount and the redemption amount, as well as the associated costs. We have resolved these issues in this Opinion and it is unnecessary to address them again.

## CONCLUSION

¶49    For the reasons set forth herein, the judgment of the District Court is affirmed. The District Court did not err when it granted summary judgment in favor of Tarbets. We further conclude that the District Court did not abuse its discretion when it directed an order for the payment of the tax lien and denied Hansen Trust's motions.

¶50    Tarbets request an award of attorney fees on appeal. We decline to enter such an award.

¶51    Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ LAURIE McKINNON