Justice James Jeremiah Shea delivered the Opinion of the Court.
¶ 1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.
¶ 2 Lyndsey Lalicker (Mother) appeals the Order of the Eighteenth Judicial District Court, Gallatin County, denying Mother's Notice of Objections and granting Nelson Luke Oyler (Father) visitation rights to L.G.L., their minor child. We affirm.
¶ 3 On November 1, 2013, Mother and Father were married. On July 9, 2014, the marriage was declared invalid on the grounds that Father lacked the ability to consent to marry due to mental health issues. At the time of the Declaration of Invalidity, Mother was pregnant with L.G.L.
¶ 4 On September 5, 2014, Father filed a Petition for Voluntary Relinquishment of his Parental Rights to L.G.L. in the First Judicial District Court, Broadwater County. On October 9, 2014, the Broadwater County District Court denied Father's Petition. In November 2014, Mother initiated an administrative action with the Montana Child Support Enforcement Division (CSED) to determine Father's child support obligations.
¶ 5 On September 1, 2015, Father filed a Petition to Establish a Parenting Plan in the Eighteenth Judicial District Court, Gallatin County. On February 15, 2017, the Standing Master held a hearing on the Petition, during which Mother and Father both presented evidence and testified. Father called Dr. Thomas Heriza, his medical provider, and Gallatin County Father Engagement Specialist Patrick Duganz to provide testimony as to Father's ability to safely parent L.G.L. On June 30, 2017, the Standing Master issued its Findings of Fact, Conclusions of Law, and Final Parenting Plan granting Father supervised parenting of L.G.L.
¶ 6 On August 29, 2017, Mother, acting pro se after her attorney withdrew following the hearing, filed a Motion for the Court to Grant Relief from Judgment. On October 30, 2017, the Standing Master denied the Motion, determining that Mother failed to establish grounds for relief and that no specific objections to the Final Parenting Plan were filed within the time provided by statute.
¶ 7 On November 8, 2017, Mother filed her Notice of Objections. On January 11, 2018, the Gallatin County District Court, despite the untimeliness of the Notice of Objections, held a hearing. On February 1, 2018, the Gallatin County District Court denied the Notice of Objections and amended the Standing Master's Findings of Facts, Conclusions of Law, and Final Parenting Plan to provide a modified legal analysis. Mother appeals.
¶ 8 We review de novo a district court's decision to adopt a standing master's report to determine whether it applied the correct standards of review to the standing master's findings of fact and conclusions of law. Patton v. Patton , 2015 MT 7, ¶ 17, 378 Mont. 22, 340 P.3d 1242 (citing In re G.J.A. , 2014 MT 215, ¶ 11, 376 Mont. 212, 331 P.3d 835 ). In a case tried before a standing master, "we apply the same standard of review to an adopted [standing] master's report that we do to any other district court order." Maloney v. Home & Inv. Ctr., Inc. , 2000 MT 34, ¶ 28, 298 Mont. 213, 994 P.2d 1124.
¶ 9 We review a district court's findings of fact in parenting plan orders to determine whether they are clearly erroneous. Healy v. Healy , 2016 MT 154, ¶ 18, 384 Mont. 31, 376 P.3d 99. A finding of fact is clearly erroneous if "it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence, or if our review of the record convinces us that the district court made a mistake." Healy , ¶ 18 (citation omitted). "We review a district court's conclusions of law to determine if they are correct." Healy , ¶ 18 (citation omitted). Absent clearly erroneous findings, we will not disturb a district court's decision regarding parenting plans unless there is a clear abuse of discretion. In re C.J. , 2016 MT 93, ¶ 13, 383 Mont. 197, 369 P.3d 1028 (citation omitted). A district court abuses its discretion when it acts "arbitrarily without employment of conscientious judgment or exceed[s] the bounds of reason resulting in substantial injustice." Guffin v. Plaisted-Harman , 2010 MT 100, ¶ 20, 356 Mont. 218, 232 P.3d 888 (citation omitted).
¶ 10 We normally do not consider issues raised for the first time on appeal. Siebken v. Voderberg , 2015 MT 296, ¶ 11, 381 Mont. 256, 359 P.3d 1073 ; Wheelsmith Fabrication v. Mont. Dep't of Labor & Indus. , 2000 MT 27, ¶ 11, 298 Mont. 187, 993 P.2d 713. "This rule applies to both substantive and procedural matters, as well as to a change in a party's theory of the case." Hansen Trust v. Ward , 2015 MT 131, ¶ 19, 379 Mont. 161, 349 P.3d 500 (citation omitted). This includes consideration of arguments raised for the first time on appeal "based on the doctrine of judicial estoppel." Wheelsmith , ¶ 15.
¶ 11 In determining a parenting plan, the district court must act "in accordance with the best interests of the child." Section 40-4-212(1), MCA ; Woerner v. Woerner , 2014 MT 134, ¶ 12, 375 Mont. 153, 325 P.3d 1244. The district court should consider "all relevant parenting factors." Woerner , ¶ 13. "A district court has broad discretion when considering the parenting of a child, and we must presume the district court carefully considered the evidence and made the correct decision." In re C.J. , ¶ 13.
¶ 12 A parenting plan action brought within six months of a child support action is vexatious. Section 40-4-212(4)(a), MCA. However, a rebuttable presumption exists as to the vexatious nature of the action, and the presumption applies unless contrary to the best interest of the child. Section 40-4-212(4)(a), MCA ; see In re Z.D.L.-B v. Batey , 2016 MT 164, ¶ 30, 384 Mont. 65, 375 P.3d 378.
¶ 13 Mother generally argues that the Standing Master misapprehended the evidence regarding Father's fitness to parent. Mother raises, for the first time on appeal, that the doctrines of judicial estoppel, judicial admissions, and conclusive presumption preclude the grant of Father's Petition. Mother argues the Standing Master erred when it granted Father's Petition because Father waived his parental rights by previously filing for a voluntary relinquishment. Finally, Mother argues the Standing Master erred by granting Father's Petition because the action was vexatious pursuant to § 40-4-212(4)(a), MCA, because Father filed the Petition five days after the parties' CSED hearing.
¶ 14 Mother's objections concerning judicial estoppel, judicial admissions, and conclusive presumption were not argued before the District Court and are being raised for the first time on appeal. This Court will not address issues that were not raised before the District Court. See Siebken , ¶ 11; Wheelsmith , ¶¶ 11, 15. Also, Mother's arguments concerning judicial estoppel, judicial admissions, and conclusive presumption are all generally based on Mother's changed theory of the case. See Ward , ¶ 19. Consequently, the Court will only address the issues regarding whether the District Court erred in approving the Standing Master's Findings of Fact, Conclusions of Law, and Order.
¶ 15 The District Court correctly determined Mother failed to demonstrate clear error in the Standing Master's findings, and correctly concluded it would be in the best interests of L.G.L. to have Father be a part of her life. See Healy , ¶ 18. Father presented evidence of significant progress on his mental health issues with Dr. Heriza, and his willingness to engage and work with a parenting specialist. Additionally, the District Court correctly concluded Father did not waive his parental rights by previously filing an action to terminate his parental rights. Father remained the natural parent of L.G.L., both for purposes of child support and determining a final parenting plan, because his request to terminate his parental rights was denied by the Broadwater County District Court. The District Court did not err in concluding it is in L.G.L.'s best interest to continue to reside primarily with Mother while also having a relationship with Father as set forth in the Final Parenting Plan. See § 40-4-212(1), MCA ; In re C.J. , ¶ 14; Woerner , ¶ 13.
¶ 16 The District Court correctly concluded Father rebutted the presumption that the parenting plan filing was vexatious, and no attorney fees should be awarded to Mother, because a parenting plan was not in place at the time of Father's Petition. See § 40-4-212(4)(a), MCA ; In re Z.D.L.-B , ¶ 30.
¶ 17 Based on the Standing Master's application of the § 40-4-212(1), MCA factors, and the substantial evidence presented at the hearing, the Standing Master's Findings of Fact were not clearly erroneous, its Conclusions of Law were correct, and the Standing Master did not abuse its discretion in granting Father visitation rights to L.G.L. See In re C.J. , ¶ 13; Guffin , ¶ 20. The District Court applied the correct standard of review in approving and modifying the Standing Master's Findings of Fact, Conclusions of Law, and Final Parenting Plan. See Patton , ¶ 17; In re G.J.A. , ¶ 11.
¶ 18 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's Conclusions of Law were correct, its Findings of Fact were not clearly erroneous, and its ruling was not an abuse of discretion. We affirm.
We concur:
MIKE McGRATH, C.J.
LAURIE McKINNON, J.
INGRID GUSTAFSON, J.
JIM RICE, J.